Hon. JOHN S. TENNEY, LL. D.
Hon. SAMUEL WELLS,       } ASSOCIATE JUSTICES.
Hon. JOSEPH HOWARD.

## FITCH *versus* TYLER.

In a levy of real estate, the officer may sufficiently return that the appraisers were sworn, by referring to indorsements, made upon the execution by the magistrate and by the appraisers, containing certificates that the requisite oath was taken.

No particular ceremony is required in seizing real estate on execution by an officer. It is not essential that he should enter upon the land during any stage of the proceedings in a levy.

Upon a levy of land, the "specified time" to be given by an officer to the debtor, in which to appoint an appraiser, is to be mentioned in the notice given to the debtor, but need not be stated in the return upon the execution.

What is a "reasonable" time, to be allowed to the debtor, in which to choose an appraiser, is submitted to the judgment of the officer.

A return by the officer that the debtor "refused" to appoint an appraiser, is a sufficient substitute for an allegation that any notice was given to the debtor. It implies that the debtor made no objection to the time given.

In the levy of land, the R. S. c. 94, requires, § 6, that the appraisers shall proceed with the officer and view the land, and also, § 24, that the officer shall state in his return that they appraised and set off the same; — this requirement is complied with, if the appraisers' certificate shows that they viewed the land, and appraised and set it off, *and* if the officer, in his return, refer to the appraisers' certificate, and state that they "appraised" the same, *as therein appears.*"

It is not requisite that the appraisers should be residents of the county, in which the land lies.

An omission by the officer to state, in his return, by whom one of the appraisers was appointed, is fatal to the validity of the levy, unless the deficiency can be supplied.

The person, however, who was the officer in making the levy, though not now in office, may, on motion to Court, supply the deficiency by an amendment according to the fact.

ON FACTS AGREED.

WRIT OF ENTRY.

While Oliver M. Pike was owner of the land, it was levied on an execution against him in favor of one Pease, under whom the tenant makes title. Nineteen months after the levy was made, Oliver M. Pike conveyed the land to Oliver M. Pike, jr. who conveyed the same by deed to the demandant. This deed was prior to the deed from Pease to the tenant.

The question then is upon the sufficiency of the levy. If that was valid, the tenant's title is good, and this action is unmaintainable.

The proceedings to constitute the levy were indorsed upon the execution, and were as follows : —

"Cumberland ss. April 18, 1845.

"Then personally appeared Augustus Johnson, James O. McIntire and William Fitch, jr., who made oath that, in appraising such real estate of the within named Robert McDonald and Oliver M. Pike, as should be shown to them to satisfy this execution and all fees, they would act faithfully and impartially according to their best skill and judgment.

"Before me, John Warren, Deputy Sheriff."

"Cumberland ss. April 18, 1845.

"We the subscribers, having all this day been duly chosen,

appointed and sworn to the faithful and impartial appraisement of such real estate of the within named Robert McDonald and Oliver M. Pike, as should be shown to us to be appraised in order to satisfy this execution and all fees, have this day viewed a tract of land, [here the land was described] shown to us by Samuel P. Small, attorney for the within named Pease, as the estate of the said Robert McDonald and Oliver M. Pike, which said tract of land we have, on our oaths aforesaid, appraised at the sum of one hundred and eighty-four dollars and ninety-one cents and no more. And we have set out the said tract of land by metes and bounds to the creditors within mentioned to satisfy this execution and all fees. In witness whereof we have hereunto set our hands.—

"Augustus Johnson,
"William Fitch, jr.,
"J. O. McIntire."

"Cumberland ss. April 18, 1845.

"Having, at the request of the within named Simeon Pease, caused the above named Augustus Johnson, William Fitch, jr. and James O. McIntire, three disinterested and discreet men, viz, the said James O. McIntire chosen by ————— —————, Augustus Johnson, chosen by myself, and the said Wm. Fitch, jr., chosen by me for the debtors, they refusing to choose, faithfully and impartially to appraise the real estate above mentioned and they the said Augustus Johnson, Wm. Fitch, jr. and James O. McIntire, having upon oath appraised the same at the sum of one hundred eighty-four dollars and ninety-one cents, as above appears, I have this day agreeably to law delivered possession and seizin of the said estate to Samuel P. Small, Att'y to Simeon Pease, the creditor, to have and to hold the same to him the said Simeon Pease his heirs and assigns forever, in full satisfaction of this execution and charges of levying the same, which charges amount to the sum of twenty-eight dollars and sixty-six cents, and have left the said Small in quiet possession of the same. I do therefore return this execution fully satisfied.

"John Warren, Deputy Sheriff."

*Swazey,* for the demandant.

The objections taken to the levy, and the authorities cited to sustain them, were as follows : —

1. It does not sufficiently appear, by the officer's return or otherwise, that the appraisers were legally sworn. R. S. c. 94, § 4 and 24; Amendment of 1843, c. 13; *Phillips* v. *Williams,* 14 Maine, 411; *Howard* v. *Turner,* 6 Maine, 106; *Smith* v. *Keene,* 26 Maine, 411; *Chamberlin* v. *Doty,* 18 Pick. 495.

2. It does not appear by the officer's return that he took the land on the execution; or at what time he took it; or that he notified the debtors thereof and allowed them a reasonable specified time, within which to choose an appraiser. R. S. c. 94, § 5 and 24; *Gault* v. *Hall,* 26 Maine, 561; *Means* v. *Osgood,* 7 Maine, 146.

3. It is not stated that the appraisers proceeded with the officer and viewed and examined the land, or that the land was set off by the appraisers. R. S. c. 94, § 6, 24; *Monroe* v. *Reding,* 15 Maine, 153; *Roop* v. *Johnson,* 23 Maine, 335.

4. It does not appear that the appraisers were of the county of Cumberland, within which the land lay. *Nickerson* v. *Whittier,* 20 Maine, 223.

5. It does not appear by whom James O. McIntire, one of the appraisers, was appointed. R. S. c. 94, § 24; *Banister* v. *Higginson,* 15 Maine, 73.

The officer, at a previous term, moved the Court, that he might, though then out of office, amend the return according to the fact, so that the return should show that James O. McIntire, one of the appraisers, was chosen by " Samuel P. Small, attorney of said Pease."

This amendment was objected to by the demandant; because the officer, who made the levy, has long been out of office; — because the plaintiff in the mean time has acquired a vested right in the land; — because the question is not between the original parties, the plaintiff's deed being long prior to the deed from Pease to defendant; — because the fact to be added to the record by the proposed amendment

cannot thus be supplied; — and because, if the amendment were at this time allowed, it could not relate back so as to affect the plaintiff's title, it could take effect only from the time of the amendment. *Howard* v. *Turner*, 6 Maine, 106; *Means* v. *Osgood*, 7 Maine, 146; *Berry* v. *Spear*, 13 Maine, 187; *Fairfield* v. *Paine*, 23 Maine, 498; *Banister* v. *Higginson*, 15 Maine, 73; *Emerson* v. *Upton*, 9 Pick. 167.

*Clifford* and *Appleton*, for the tenant.

TENNEY, J. — The decision of this case must depend upon the answer to the question, whether the levy of the, execution in favor of Simeon Pease against Robert McDonald and Oliver M. Pike can be sustained. Its validity is objected to on several grounds; First, that there is not sufficient evidence, that the appraisers were sworn; 2, that it does not appear in the return, that the officer took the land in execution, or that he notified the debtors thereof, and allowed them a reasonable specified time, within which to choose an appraiser. 3. It is not stated, that the appraisers proceeded with the officer, and viewed and examined the land, and that the land was set off by the appraisers. 4. It does not appear that the appraisers were of the county, where the land lay. 5. Because the return omits to state, by whom one of the appraisers was appointed.

1. The officer shall state in his return, substantially among other things, that the appraisers were duly sworn; the time, when the land was taken in execution; how the appraisers were appointed; and that they appraised and set off the premises after viewing the same at the price specified. R. S. c. 94, § 24.

The officer certifies, that the 'oath was taken by the appraisers before him. It was in proper form, and he was authorized to administer it. Statutes of 1843, c. 13. It is stated in the return, that the appraisers, who were before named, having upon oath appraised the land, at the sum mentioned, as *above appears*. The certificate of the caption of the oath and the appraisers' return precede the officer's return

on the back of the execution and the reference in the latter will apply to both.

2. No particular ceremony is required by an officer in seizing real estate on execution, and it is not made essential that he shall enter upon it during any stage of the proceedings. *Bond* v. *Bond,* 2 Pick. 382 ; *Hammatt* v. *Barrett,* 2 Pick. 564. When he is notified by the creditor to levy the execution upon real estate, and he informs the debtor of his purpose, and requests him to appoint an appraiser, he may be considered as having seized the land in execution. The statute of Massachusetts, c. 73, § 22, is similar in this respect to the provision of the statute of this State, c. 94, § 5 ; and in *Hall* v. *Crocker,* 3 Metc. 245, the Court say, " It has been decided many years since, that an entry is not necessary. It is sufficient for the officer and appraisers to view the land, and that is necessary, only for the purpose of making a just estimation of its value." "It appears to us very clear, that the act of the officer in giving the notice to the debtor to choose an appraiser must be deemed a good beginning of the service of the execution." " The statute having fixed upon no specific act, which will constitute a seizure of land on execution, the Court are of opinion, that when an execution has been delivered to an officer, with direction to levy the same upon real estate of the debtor, and the officer accepts the execution with such directions, and consents and undertakes to execute it, any act done by him in pursuance of that purpose is a beginning to execute, and constitutes a seizure."

The proceedings by the officer, shown by the return, were commenced on April 18, 1845, and completed the same day. A notice of some kind to the debtors to choose an appraiser, is necessarily implied, and the time when the land was taken in execution is substantially stated in the return.

It was held by the Court in Massachusetts, before the revision of their statutes in 1836, that though the statute did not in terms, require the officer to give the debtor notice to appoint an appraiser, yet that it was manifestly implied by the provision, that the debtor had the power to choose one of the

appraisers ; and that the provision should have a liberal construction to effect the object intended ; and that it should substantially appear by the return, that such notice was given to the debtor, or the levy would be void. But a general return of this fact by the officer was deemed sufficient, there being no mode prescribed. And a return that the debtor had *neglected* to choose an appraiser was adjudged sufficient, on the ground, that he could not have neglected without notice of the time, place and occasion. *Blanchard* v. *Brooks*, 12 Pick. 47. The Court say, " if it had been shown that the debtor *had refused* to appoint, the return would have been sufficient. *Eddy* v. *Knapp*, 2 Mass. 154; *Whitman* v. *Tyler*, 8 Mass. 284.

The statute of this State having required, that the officer shall give notice to the debtor, and allow him a reasonable specified time, within which to appoint an appraiser, has in terms provided for those acts substantially, which in Massachusetts were deemed necessary, upon a proper construction of a more general requirement in the former statute of that Commonwealth. And that which would dispense with a particular return of the notice given to the debtor to appoint an appraiser in one case, would be sufficient in the other. What time may be given to the debtor for that purpose, is submitted to the judgment of the officer. It is not necessary that he should state in the return, the time allowed, but that the time, which he may deem reasonable to give, shall be specified in the notice, so that the debtor may know when it will expire. In this case the officer does not state, that he gave a " reasonable specified time," but that the debtors refused to appoint, which is a sufficient substitute, implying, that they made no objection to the *time* given, but, that they should not avail themselves under the circumstances, of their legal privilege.

3. The appraisers state in their return, that on April 18, 1845, they had viewed a tract of land, which is described, shown to them, by the attorney of the creditor, as the estate of the debtors, which they appraised upon their oaths, and set off the same by metes and bounds to the creditor within

named to satisfy the execution and all fees. The officer returns under the same date, that they appraised the same at the sum mentioned, as above appears. This reference is general, and must be understood to include whatever the appraisers state, not only that they viewed the land, and the value which they placed upon it, but that they set off the same by metes and bounds in satisfaction of the debt and costs of levy, and it is a substantial compliance with the statute requirement.

4. The appraisers must be discreet and disinterested men. R. S. c. 94, § 5. No other qualification is demanded in terms by the statute. In the case of *Nickerson* v. *Whittier*, 20 Maine, 223, the question arose under the statute of 1821, c. 60, § 27, by which the appraisers were required to be freeholders in the county. Under the present law, this case is not an authority in point. It is contended in argument, that the appraisers must belong to the county, because he has no power to go beyond its limits to make the choice. The officer cannot compel the service of one, who resides in the county as an appraiser; but if he procures those, who are competent, whether of the county or not, the requirement of the statute is answered.

5. The return omits to state, by whom one of the appraisers was appointed. This is certainly not a compliance with the statute requisition, and is fatal to the validity of the levy, unless the defect can be supplied. There is nothing from which it can be necessarily inferred, that the appointment was made by one having authority to do it.

Can the officer be allowed to amend his return by supplying the omission, according to the fact, the person, who made the return not now holding the office, in which he acted at the time of the levy? To make a valid levy, it is not required that the person, who acts as a sheriff, deputy sheriff or other officer, should continue in office, till the proceedings are complete, if they were commenced by him, when he had official power for the purpose. R. S. c. 94, § 5. It follows, if a return may be made entirely, after his removal,

he may be permitted to make an amendment by supplying defects if proper in other respects. Every act connected with the return, is supposed to be done under the sanctions of his office, without reference to the time.

In this case, it appears by the certificate of the oath, that three persons were sworn to make the appraisal, and by their own return, that they were duly chosen and sworn, and that the land was shown to them by the creditor's attorney. In the officer's return, it is stated, that he has caused the persons named faithfully and impartially to appraise, &c. " James O. McIntire, chosen by ―――― ――――, Augustus Johnson, chosen by myself, and the said William Fitch, jr., chosen by me, for the debtors, they refusing to choose." The execution and the proceedings touching the attempted levy were by legal requirement made matter of record, and all interested in the land were constructively notified thereof. The blank in the return, immediately after the name of McIntire, and the unfinished sentence render it perfectly clear, that the officer did not profess to have made perfect his return, but to have omitted something which was designed to be supplied. The officer had exhausted his power of appointment in choosing one appraiser *ex officio,* and the other in consequence of the refusal of the debtors to make an appointment on their part. The direction was given to him in behalf of the creditor to make the levy. His attorney was present and gave direction touching the land to be appraised, and received seizin and possession of the same for him. It is not to be presumed, that the appointment of McIntire was made by one not authorized, and it is not improbable that the appointment was made by the creditor's attorney, and his name not being upon the execution as was the creditors, it was omitted in the return, till the officer could ascertain what it was. We think there is sufficient to show, that all the requirements of the law had probably been complied with, and the debtor should stand chargeable with all, the existence of which is indicated, by what is stated in the record, and can be satisfactorily shown to the Court. *Fairfield* v. *Paine,* 23 Maine, 498. We think

this is a case, where an amendment may be proper to be made according to the fact.

The Court are informed by the affidavits of the officer and the creditor's attorney, what the amendment will be, and if made accordingly, the levy may be considered sufficient to transfer the land to the creditor.