THE FIRST NAT. BANK OF NEWTON v. THE JASPER COUNTY BANK.

1. **Attachment:** LEVY: WHAT NECESSARY: PRIORITY OVER MORTGAGE: NOTICE. In order to perfect a levy of an attachment upon lands in possession of the attachment defendant, it is necessary to notify the defendant thereof, (Code, § 2967,) and to make return of the writ; and a return is not made until signed by the officer. An entry in the incumbrance book is not sufficient, and is not even evidence or notice of a levy, where a levy has not in fact been perfected, as above indicated. Accordingly, a mortgage executed and filed for record before a levy was perfected, as above explained, had priority over the attachment lien.

2. ———: INTERVENTION: WHEN NOT APPLICABLE: SALE OF REAL ESTATE. When attached real estate has been sold under the attachment, a third party claiming a superior lien by virtue of a prior mortgage cannot proceed by intervention, under § 3016 of the Code, but may proceed in equity to restrain the consummation of the sale.

3. **Priority of Liens:** ACTION TO DETERMINE: QUESTIONS NOT INVOLVED: PARTIES. Where the only question made by the pleadings

was as to the priority of liens, *held* that questions as to the validity of the indebtedness on which the liens were based could not be considered, —especially as the debtor was not a party to the action.

## *Appeal from Jasper District Court.*

### FRIDAY, MARCH 18.

ACTION in chancery to determine the question of priority between two conflicting liens upon lands. The prayer of plaintiff's petition was granted by the decree, from which defendant appeals.

*Alanson Clark* and *S. C. Cook*, for appellant.

*Winslow & Varnum*, for appellee.

BECK, J.—I.   The petition shows that plaintiff holds a mortgage upon certain lands, and that the defendant recovered judgments against the mortgagor rendered in actions in which attachments were issued and levied upon the same lands. Special executions were issued upon the judgments, and the lands have been sold thereon, and a certificate of sale issued by the sheriff to defendant, upon which it will, if permitted, take a sheriff's deed, which will be a cloud upon the title of the land covered by plaintiff's mortgage. The plaintiff prays that a decree be entered declaring that plaintiff's mortgage is a lien paramount to defendant's attachments and judgments, and that defendant be restrained from assigning the sheriff's certificate, and from obtaining a sheriff's deed. The answer of defendant put in issue the facts upon which plaintiff bases its rights to recover. The pleadings need not be more particularly referred to here.

*1. ATTACH-MENT: levy: what necessary: priority over mortgage: notice.*

The facts upon which the decision of the case turns are these: Defendant's attachments, as claimed by it, were levied on the first day of May. Plaintiff's mortgage was executed and filed for record on the day following. But the sheriff evying the attachments gave no notice thereof to the defend-

ant, who was in possession of the lands, nor did he make return of his writs before plaintiff's mortgage was filed for record, nor do any other act amounting to the levy of the writs. It may be admitted that he entered his return upon the writs before that day, but the evidence on this point is not clear. Certain it is, he did not sign the return until several days after. The returns, i. e., the statements showing the service of the writs, were not, therefore, completed before plaintiff's mortgage was executed and filed for record. On the first day of May the sheriff made an entry in the incumbrance book of the levy of the attachments upon the lands.

II. Were the writs levied before plaintiff's mortgage was filed for record? The entry in the incumbrance book is no part of the levy, and, if no levy was made, is not to be regarded as evidence establishing it. See *Collier v. French*, 64 Iowa, 577. The purpose of the entry of the levy in the incumbrance book is to give notice of the levy. Code, §§ 197, (par. 6,) 3022. Of course, if there was no levy, no notice would be imparted, for the levy did not in fact exist. Code, § 2967, provides that " the mode of attachment must be as follows: (1) By giving the defendant in the action, if found within the county, and also the persons occupying and in possession of the property, if it be in the hands of a third person, notice of attachment." The punctuation of this statute, which is clearly incorrect, may, without consideration, lead to the erroneous conclusion that it applied exclusively to levies upon stock in corporations, debts due the defendant, and property owned by him and held by a third party. But, upon considering the language of the section and the context, the conclusion is irresistible that the direction extends to the levies upon all property subject to attachment. At least, the sheriff should have made return of the writs, which would have given notice to the world of the levies. See *Crawford v. Newell*, 23 Iowa, 453; *Clymore v. Williams*, 77 Ill., 618; *Sharp v. Baird*, 43 Cal., 577; *Main v. Tappener*, Id., 206.

III.   Defendant insists that plaintiff should have proceeded under Code, § 3016, which authorizes persons other than the defendant, before sale of attached property, to dispute the validity of the attachment, claim the property attached, etc., by petition filed in a special proceeding, which shall be determined in a summary manner.  This section authorizes such proceedings before a sale under an attachment.  In reply to defendant's position, it is sufficient to say that the property attached had been sold upon an execution issued upon the judgment rendered in the case.  Plaintiff could not have pursued the special proceedings.

*2. ——: intervention: when not applicable: sale of real estate.*

IV.   The plaintiff insists that there was no ground for the attachment, and the defendant, on the other hand, claims that plaintiff's mortgage was void, for the reason that it was given by the mortgagor in order to suppress the evidence of a forgery.  These matters are not involved in this action, which is to settle the priority of liens, and not to assail the validity of the judgments and mortgage upon which the respective liens were based. They could not have been determined for another reason: The debtor would be a necessary party to an action involving these questions.  He is not a party in this case.

*3. PRIORITY of liens: action to determine: questions not involved: parties.*

V.   These conclusions upon the merits of the case, leading to the affirmance of the decree of the court below, render it unnecessary for us to pass upon the motions, amendments and other papers filed in the case,— a wilderness as to numbers and obscurity, all intended to settle the contents of the records.  We find there is no dispute as to its contents, so far as it presents the facts we have found, as stated above.   The controversy carried on by the motions and amendments involve facts and questions which we do not find it necessary to determine.

VI.   The decree of the court below should simply declare that, as between plaintiff's mortgage and defendant's attachment, the mortgage is the paramount lien.   It cannot affect

the validity of either as to the other matters.     There is language in the decree that may bear a different interpretation. In this respect it must be regarded as modified by this opinion.

