MICHAEL LYNCH, Deputy Sheriff, *vs.* CHARLES H. EARLE.

Pub. Stat. R. I. cap. 223, § 11, of the service of executions, requires no particular act or ceremony by an officer charged with the service of an execution, in order to make a levy thereof on real estate.

The intention of the officer to sell the property under the execution, followed up by a sale in the manner prescribed by the statute, constitutes a levy of the execution; and the fact that the officer has advertised and sold under the execution is conclusive evidence of the levy.

In *assumpsit* by an officer to recover the balance of the price bid by the purchaser at an execution sale of all the interest which the execution debtor had in certain real estate at the date of the attachment thereof on the original writ, the defendant pleaded that the plaintiff advertised and sold at auction to the defendant the interest which the execution debtor had in the real estate at the date of the attachment thereof on the original writ, without making any levy of the execution as by law required. On demurrer to the plea,

*Held*, that the plea was bad for repugnancy; for while it averred that the property was sold without any levy being first made, it set up matter which showed that a levy had in fact been made, and which, furthermore, constituted no defence to the plaintiff's claim.

ASSUMPSIT. Certified from the Common Pleas Division for Kent county on demurrer to plea.

*March* 20, 1894. TILLINGHAST, J. The material facts in this case, as they appear upon the pleadings, are as follows, viz.: The plaintiff, who is a deputy sheriff in and for the county of Kent, sold to the defendant on the 18th of February, 1893, at an execution sale, all the right, title and interest of Lydia A. Macomber, the execution defendant, on the 12th day of February, 1890, in and to a certain parcel of real estate situate at East Greenwich, in said county, for the sum of $1,161, that amount having been bid by the defendant for

said interest at the execution sale, and that sum being the highest amount bid for the property. One of the conditions of sale was that the purchaser should at once pay ten per centum of the amount thereof, which condition was duly complied with by the defendant. Another condition was that the balance of the purchase money should be paid on the 6th day of March then next following, upon the delivery to the purchaser of a deed from the plaintiff. A deed was afterwards duly tendered, but the defendant refused to accept the same or to pay the balance of the purchase price.

The ground of this refusal, as set up in the defendant's amended special plea in bar, is that the plaintiff advertised and sold at auction to the defendant the interest which Lydia A. Macomber, the defendant in the original action, had in said real estate on the 12th day of February, 1890,—that being the date of the attachment on the original writ—without making any levy of the execution as by law required. To this plea the plaintiff has demurred, and the case is before us on the sufficiency of the plea.

The grounds of the plaintiff's demurrer are *first*, that the last clause of the last paragraph of said plea, to wit, "without making any levy of said alias execution," is repugnant and contradictory, in that it contradicts the allegation in the first clause of the paragraph, to wit, "that the plaintiff subsequently advertised and sold at auction to the said defendant the interest which the said Lydia A. Macomber had in said real estate;" *second*, that it is not alleged in said plea that the interest of Lydia A. Macomber in said real estate, described in and conveyed by the deed tendered to the defendant by the plaintiff, is other than or different from the interest of said Macomber in said real estate on the 12th day of February, 1890; and *third*, that in this action and between these parties it is immaterial whether the plaintiff made any levy of said alias execution or not.

We think the demurrer should be sustained. For while the plea in one part thereof does allege that the property in question was sold without first making any levy thereon by the officer, yet when taken as a whole it sets up a state of

facts wholly inconsistent with said allegation, and facts which show that a levy must have been made. It shows a valid judgment against the original defendant Macomber, an issue of execution thereon, and an advertisement and sale by the sheriff who held said execution, of the defendant's interest at the date of the original attachment, in the real estate in question. And as the sheriff could not have proceeded in this manner without first making a levy of the execution, it necessarily follows that he made the same. In other words, the fact that the sheriff advertised and sold under the execution is conclusive evidence of the levy, it being utterly inconceivable that he could have proceeded in this way to sell the property under the execution without first having formed the intention of so doing, and the forming of such intention to sell being followed up by proceeding to do the same in the manner provided by statute, was a levy of the execution.

And in this connection let us inquire as to what constitutes a levy of execution upon real estate. Our statute requires no particular form or ceremony in connection therewith, or as essential thereto; the officer is not directed to make any actual seizure of the land; he is not required to go upon or even to see the same in order to make a valid levy thereon; no copy of the execution is required to be left at the town clerk's office in order to constitute such levy (although such copy must be afterwards filed there unless the property was attached on the original writ), as is required in case of an original attachment; but the statute simply provides that "the officer charged with the service of the execution, if he shall levy the same on real estate, shall set up notifications of such levy in three or more public places in the town where said real estate lies for the space of three months after such levy, and before the same shall be exposed to sale . . . . and he shall also notify such sale by causing an advertisement thereof to be published once a week for the space of three weeks next before the time of such sale in some newspaper in the county where such estate lies." Pub. Stat. R. I. cap. 223, § 11.

The statute, then, failing to require the doing of any par-

ticular act or thing by the sheriff in order to constitute a levy of the execution, and this proceeding being one which is entirely regulated by statute (the subjecting of real property to satisfy debts being unknown to the common law), we see no reason why he may not go through with the mere mental process of levying an execution in Foster or Burrillville while sitting in his office in Providence, and at the same time comply with said statutory requirement. The usual and safer mode of levying an execution on real estate doubtless is to endorse on the execution a statement to the effect that it is levied, describing the estate and noting on the execution the date and time of day of the levy. But this is done mainly for the purpose of aiding the memory of the officer when he comes to make his return thereon. At any rate, it is clearly not essential to the making of the levy, as it can be as effectually done after as at the time when the officer decides to make the levy. In Herman on Executions, § 191, it is said that "giving notice of sale, as required by statute, under the execution, is all that is necessary in those states where a sale is the result of the levy. It may be made by the entry of a levy upon the execution; or, as against the debtor, by any act on the part of the officer showing the intent to sell the specific land, and to subject it to the satisfaction of the judgment." In the case at bar, the advertisement and sale of the estate of the judgment debtor furnish the best possible evidence that the sheriff was "causing to be levied of the . . . . real estate of the execution defendant," the sum specified in the execution.

For the sake of protecting *bonâ fide* purchasers, and in view of the fact that in this State a judgment is not a lien on real estate, it would doubtless be better if the statute provided similar formalities in the levy of an execution on real estate, where the same is not attached on the original writ, as are required in attaching the same (see Pub. Stat. R. I. cap. 207, § 12), namely, by leaving a copy of the execution in the town clerk's office. But as no such requirement now exists, we cannot say that it is necessary. In many of the states some overt act of this sort is required on the part of

the officer in order to constitute a levy.    See 2 Freeman on Executions, 2d ed. §§ 280 a, 280 b, and cases cited.  ·

The case of *Waters* v. *Duvall*, 11 Gill & Johns. 37, cited by the defendant's counsel, holds that to enable the sheriff to sell and vest in a purchaser at his sale a valid title a seizure of the land sold is indispensable.    The subsequent cases of *Langley* v. *Jones*, 33 Md. 171, and *Jarboe* v. *Hall*, 37 Md. 345, are doubtless in harmony with that case.    But no such requirement exists in this State, nor ·is such the general rule. See note to *Waters* v. *Duvall*, 33 Am. Decis. 697, in which said case is criticised and its authority doubted.    See also Gwinne on Sheriffs, 308 ; *Fitch* v. *Tyler*, 34 Me. 463 ; *Hall* v. *Crocker*, 3 Met. 245 ; *Bidwell* v. *Coleman*, 11 Minn. 78 ; *Lockwood* v. *Bigelow*, id. 113 ; Hitchcock on Sheriffs and Constables, § 103.    *Streaper* v. *Fisher*, 1 Rawle, 155, 18 Am. Decis. 604, cited by the defendant, simply holds that the levy controls all the subsequent proceedings, as it is the foundation on which they are built.    To this doctrine we readily assent, for the levy of the execution is the first step and a necessary one in the sale of the property taken thereunder.    *Redlick* v. *Williams*, 5 S. W. Rep. 375, holds that in order to constitute a levy there must be an indorsement upon the execution, and that no other step can give validity to such levy.    But, as already seen, such indorsement is not essential in this State.    *Green* v. *Burke*, 23 Wend. 490, is a case in which the execution was levied upon personal property, and is therefore not pertinent to the case at bar.

Of course the allegation in the defendant's plea that the plaintiff advertised and sold the interest which Lydia A. Macomber had in said real estate at the date of the attachment thereof on the original writ, in no way militates against the plaintiff's right to recover, as the plea does not allege that said interest was other than, or different from, what it was when so attached ; and as no intervening rights appear, it is to be presumed that the interest remained the same.

Demurrer sustained.

*Charles J. Arms*, for plaintiff.

*Walter B. Vincent*, for defendant.