101  747
111  146
111  229

ANDREW B. ANDERSON, *et al.*, v. THE MOLINE PLOW COMPANY, *et al.*, Appellants.

**Sufficiency of Attachment Levy:** NOTICE TO OCCUPANT.   Under Code 1873, section 2967, providing that in levying attachments, notice must be given to the person in occupation, and section 3010, providing that the sheriff shall return on every attachment what he has done under it, a return on an attachment against a non-resident defendant, which simply states that the sheriff "levied upon and attached" certain property, and fails to show that notice was served on the person occupying the land, is insufficient to give a lien, though the alleged levy is entered on the incumbrance book and lien index.

**Pleading and Amendment:** CONSTRUCTION.   In an action to remove a cloud on plaintiffs' title to land, on which defendants claimed a lien by attachment, defendants, by cross-petition, asked affirmative relief by reason of their attachment, bringing in grantees of plaintiffs as parties. An amendment to plaintiffs' original petition contained averments as to the pretended levy of such attachment, and denied that any interest was acquired by it. In their answer to the cross-petition, plaintiffs' grantees denied the levy of the attachment. *Held,* that the issue as to the sufficiency of the levy to affect the title of plaintiffs' grantees was thereby raised, though the original petition did not present such issues.

*Appeal from Sioux District Court.*—HON. F. R. GAY-NOR, Judge.

SATURDAY, JANUARY 23, 1897.

ACTION to remove a cloud from the title to real estate. Decree for plaintiffs, and defendants appealed. —*Affirmed.*

*L. D. Hobson* and *George W. Hewitt* for appellants.

*G. W. Pitts* for appellees.

GRANGER, J.—I. The real estate in question is the northeast one-quarter of section 13, township 94, range 47, in Sioux county, Iowa. Prior to March 6, 1885, it belonged to John McCornack. On that day he conveyed it by warranty deed to plaintiff Anderson. Since that time Anderson has conveyed it to George W. Karr, and he to William E. Shimer. Karr and Shimer have been made parties to the suit since its commencement by an answer and cross-bill filed by the defendants. There is no dispute as to title of plaintiff or his grantees, unless the defendants have a lien on the land by virtue of an attachment levy made on the same day of the said transfer to Anderson. A question in the case is as to the validity of the levy of the attachment so as to constitute a lien. If there is no such levy, then defendants have no rights in the land, and it is, as we understand, the property of Shimer. The pleadings are quite voluminous, and the facts are numerous as bearing upon other questions considered in the case, but for the purpose of determining the validity of the levy some of the issues and most of the facts may be disregarded. McCornack was a resident of the state of Illinois, as was the plaintiff Anderson, when the conveyance was made to Anderson. The attachments claimed to have been levied on the land issued out of the office of the clerk of the district court of Sioux county, in this state, in two suits commenced therein by the Moline Plow Company and George Enger & Company against Foster Brothers and John McCornack, that being the firm name, and also against the members of the firm as individuals. Personal service was obtained, except as to John McCornack, who at the commencement of the suits and the issuing of the attachments, was in Illinois, and died there some

fourteen days after. The sheriff indorsed a return on the attachment, in which it is stated that he "levied upon and attached" the real estate in question. And in the incumbrance book in the office of the clerk, is an entry reciting a levy of the writ on the land. And in a book entitled "An Index of All Liens," is an entry that the attachments are liens on the land. This action is to remove the clouds upon the title caused by these record entries.

II. The defect urged as to the levy of the attachment is that there was no notice of the attachment given to the person occupying or in possession of the land. There is a dispute of fact as to there being such occupancy or possession, but we have no doubt on that question. It clearly appears that there was, and the person was one Jacobs. The return states the conclusion, as we have indicated above, that he (the sheriff) had "levied upon and attached" the land. There is no statement in the return that he gave Jacobs, or any other person, notice of the attachment; and it is because of this that the levy is thought to be defective. Appellants contend that the statement of the conclusion as to the levy and attachment is a sufficient statement, and includes the particulars necessary to constitute the levy. By Code section 3010, it is provided that "the sheriff shall return upon every attachment what he has done under it." It further provides: "The return must show the property attached, the time it was attached, and the disposition made of it, by full and particular inventory." The section states other particulars to be observed. The quotations we have made appear consecutively in the section, and it is reasonable to say the requirements are as to different duties. Code section 2967 provides how attachments shall be levied, as follows: "By giving the defendant in the action, if found within the county, and also the person

occupying or in possession of the property, if it be in the hands of a third person, notice of attachment." It has been held that this requirement applies to real estate. *First National Bank of Newton v. Jasper County Bank*, 71 Iowa, 486 (32 N. W. Rep. 400). Upon the question as to whether the return should show the fact of notice we refer to *Bank v. Kellogg*, 81 Iowa, 124 (46 N. W. Rep. 859). In that case the sufficiency of such a levy was considered, and, in holding the levy insufficient, it is said to be so "for the reason that the record shows that there was no levy of the attachment. It is not shown in the record that notice of the levy of the attachment was given to the defendant. The return of the officer serving the attachment fails to show such notice." It thus appears that there was a return showing a service, but it failed to show the particular facts essential to a levy. It is also said in the opinion: "This court has held that under Code, section 2967, such a defect is fatal, and a levy is invalid in the absence of the notice required by this section." It refers to *First National Bank of Newton v. Jasper County Bank, supra*. It is further said in that case, that the levy is insufficient even though the supposed levy is entered in the incumbrance book. We see no way of escape from the conclusion that the levy is insufficient; nor, as a general proposition, do we think it desirable to escape it. It 'is certainly a safer rule to require the officer, in making his return, to show the facts constituting his levy, and leave the conclusion as to its sufficiency to the court, than to permit the officer to state the conclusion. Such acts many times involve vast interests, and the conclusion may, with greater safety to parties, be left to the court, when fully advised as to the law and facts, than to the officer executing the writ.

III. There is an earnest contention by appellants that the case involves no issue as to the

sufficiency of the levy. It is doubtless true that the original petition did not present that fact as one on which relief was asked, and there appears in the petition a statement of a levy of the attachments. Later, the defendants, by cross petition, asking affirmative relief because of their attachment liens, brought in the grantees of Anderson, Karr and Shimer, and numerous pleadings were filed, and, among them, an amendment to the original petition, by which parts of it were supplemented by the amendment; so that there no longer remained an averment of a levy, but only of a pretended levy, and a denial that any interest was acquired by it. It also appears that Karr and Shimer filed their answer to the cross-petition by which they were made parties, and they expressly deny the levy of the attachments, so that the issue as to them is, in terms, presented, and they ask that their rights be fully protected. The interests of Anderson, Karr and Shimer are so identical that, if the latter succeeds, the former must. If the attachment is not sustained, it ends the case as to appellants on all the issues. We think the issue is presented as to all the appellees, and the judgment must stand.—AFFIRMED.