L. Shoonover v. Osborne Bros. *et al.,* Defendants, Ella F. and Adella D. Osborne and G. W. & G. L. Lovell, Interveners, Appellants.

**Attachment on Land: LEVY:**  *Priorities.* Where a sheriff, on August 5, 1896, in levying an attachment on land, made an entry in the incumbrance book, reciting the fact of the levy, and made such return on the writ of attachment, and notice of the levy was not given to defendant until August 10, 1896, he not being at home, the lien created by the levy attached to the land when the sheriff indorsed the fact of the levy on the writ of attachment, and the lien is superior to liens created by mortgage given by defendant on August 6, 1896, and confession of judgment made on August 7, 1896.

Notice of levy.   Under Code 1873, section 2967, providing that stock and interest owned by defendant in any company may be attached by giving notice of the attachment to defendant, notice of an attachment of land is not necessary to the validity of the attachment, but only to complete the levy.

*Reasonable time for notice.*   As a notice to defendant of a levy on land under an attachment is not necessary to the validity of the attachment, but only to complete the levy, notice given to defendant five days after the levy, is given in reasonable time.

*Appeal from Jones District Court.*—HON. WILLIAM G. THOMPSON, Judge.

SATURDAY, APRIL 14, 1900.

IN the case of *Schoonover v. Osborne,* 108 Iowa, 453, a writ of attachment was levied on the land of David Osborne. Ella F. and Adella D. Osborne and G. W. and G. L. Lovell intervened, alleging they held liens prior and superior to that of such levy. The issues joined by interveners and plaintiff were transferred to the equity side of the calendar. On hearing, the lien of the attachment, levy was declared superior, and the interveners appeal.—*Affirmed.*

*Sheehan & McCarn, M. W. Herrick, F. O. Ellison,* and *J. W. Doxsee* for appellants.

*Milton Remley* and *Ercanbrack & Lawrence* for appellees.

LADD, J.—In the afternoon of August 6, 1896, David Osborne executed to his daughters Ella F. and Adella D. Osborne a mortgage on five hundred and sixteen acres of land, then in his name, to secure an alleged indebtedness to them of ten thousand three hundred and thirty-four dollars and seventy-five cents. This mortgage was filed for record on the same day, at 7:25 o'clock P. M. It described the land as in range 86 instead of 85, and on the following day another mortgage, making the proper correction, was signed and recorded. David Osborne also confessed judgment in favor of G. W. and G. L. Lovell on the afternoon of August 7, 1896, for the sum of five hundred and twenty-five dollars and forty-five cents. Prior to these transactions, however, and on the fifth day of the same month, at 7:45 o'clock P. M., the writ of attachment, issued

in the main case of *Schoonover v. Osborne,* 108 Iowa, 453, was placed in the hands of the sheriff. That officer at once made the proper entry in the incumbrance book, reciting the fact of the levy, and indorsed the following return on the back of the writ: "State of Iowa, Jones County—ss.: This is to certify that this writ came into my hands on the 5th day of August, 1896, at 7:45 o'clock P. M. I served the same in Jones county, Iowa, by attaching the following described property as the property of Lewis D. Osborne and David Osborne, defendants herein, to-wit: [Here the real estate is described.] P. O. Babcock, Sheriff of Jones County, Iowa." Notice of the levy was served on David Osborne, August 10, 1896, and the return thereof indorsed on the writ some days later.

I. When did the lien created by the levy of the writ attach to the real estate? A levy on land, as there can be no seizure, must, of necessity, be almost, if not entirely, symbolical. The mere determination in the mind of the officer, however, is not enough, unless evidenced by some unequivocal act clearly indicating his intention of appropriating or singling out certain real estate for the satisfaction of the debt. There is some diversity of opinion as to what this shall be. Going upon the land, as such an act is not notorious, and no visible marks are left, would seem a useless ceremony; and for this reason the better-considered cases hold that, in the absence of statutory provisions, a levy may be made in the sheriff's office without even seeing it. Mr. Shinn, in his work on Attachments and Garnishments (section 214), says: "It is not necessary, even as against a *bona fide* purchaser, that the officer should take actual notice of the property, nor that he should go near it, nor see it, but he must do some act, make some entry or memorandum, indicative of his intention; and when he has done this, with a fixed purpose in his mind, he has made a legal levy. Simply making a return that he has attached is sufficient." To the same effect, see,

also, Drake Attachments, section 236; Freeman Executions, section 280; 8 Encl. Pl. & Prac. 557. In *Hammel v. Insurance Co.,* 54 Wis. 72 (11 N. W. Rep. 349), the court declared a levy on land to be impossible; while in *Perrin v. Leverett,* 13 Mass. 129, and *Lynch v. Earle,* 18 R. I. 531 (28 Atl. Rep. 763), the mental process of levying the writ seems to have been thought enough. In the latter case the court, speaking through Tillinghast, J., concluded: "The statute, then, failing to require the doing of any particular act or thing by the sheriff in order to constitute a levy of the execution, and this proceeding being one which is entirely regulated by statute, the subjecting of real property to satisfy debts being unknown to the common law, we see no reason why he may not go through with the mere mental process of levying an execution in Foster or Burrillville, while sitting in his office in Providence, and at the same time comply with said statutory requirement. The usual and safer mode of levying an execution on real estate doubtless is to endorse on the execution a statement to the effect that it is levied, describing the estate, and noting on the execution the date and time of day of the levy; but this is done mainly for the purpose of aiding the memory of the officer when he comes to make his return thereon. At any rate, it is clearly not essential to the making of the levy, as it can be as effectually done after as at the time when the officer decides to make said levy." In *Vroman v. Thompson,* 51 Mich. 452 (16 N. W. Rep. 810), the court, in holding that causing notice of levy to be recorded as required by statute was sufficient, said: "He [appellant] insists that no levy upon land is legally possible, unless a memorandum of the fact is endorsed on the execution. That the officer must attest the intellectual act of levying by a written memorial of some kind cannot be denied. So much is fairly implied. But it is not admitted that the visible evidence required can only exist in the form of an indorsement on

this writ. The statute does not require it, and there is nothing in the nature of the thing demanding it. The object is to have some outward and permanent manifestation of the fact,—something which is durable, intelligible, and public, in the nature of a record, to which all may resort who are entitled to information and desire it. The necessity is for evidence which is plain and accessible, and this is well afforded by the recorded notice prescribed by the statute." The supreme court of Colorado reached a similar conclusion in *Raynolds v. Ray,* 12 Col. 108 (20 Pac. Rep. 5). We are precluded by former decisions of this court from announcing the rule as broadly as was done in these authorities. In *Collier v. French,* 64 Iowa, 577; *Bank v. Kellogg,* 81 Iowa, 124, and *First Nat. Bank v. Jasper County Bank,* 71 Iowa, 486, the entry in the incumbrance book was held to form no part of the levy. And in the last case the court declared that a levy on real estate, to be valid, must be evidenced by a return of service on the writ, signed by the officer. Only by this signature can the sheriff attest his acts. It was there said: "At least, the sheriff should have made returns on the writs which would have given notice to the world of the levies." The word "returns" evidently refers to the indorsement of the sheriff. As already remarked, the levy on real estate must of necessity be a paper levy, and the unequivocal act, prior to the adoption of the Code, indicating it, was the indorsement of the sheriff on the writ, showing it. Such was the decision in *First Nat. Bank v. Jasper Co. Bank, supra,* and it is well sustained by authority. *Isam v. Hooks,* 46 Ga. 309; *Hamblen v. Hamblen,* 33 Miss, 455; *Crosby v. Allyn,* 5 Me. 453; *Perrin v. Leverett,* 13 Mass. 128; *Bland v. Whitfield,* 46 N. C. 125; *Hancock v. Henderson,* 45 Tex, 479; *Sanger v. Trammell,* 66 Tex. 361 (1 S. W. Rep. 378); *Fenno v. Coulter,* 14 Ark. 43; *Martin v. Bowie,* 37 S. C. 102 (15 S. E. Rep. 736).

II. The appellant asserts that, under the statute, the service of notice on the defendant was an essential part of

the levy, without which no lien attached. That portion material to our inquiry may be set out: "Stock or interest owned by the defendant in any company, and also debts, due him, or property of his held by third persons, may be attached, and the mode of attachment must be as follows: (1) By giving the defendant in the action if found within the county, and also the person occupying or in posession of the property, if it be in the hands of a third person, notice of attachment." Section 2967 of Code 1873. This necessarily presupposes something to have been done, i. e., the writ of attachment to have been served. That was our conclusion in *Hamilton v. Hartinger,* 96 Iowa, 12, where the court, speaking through Given, J., said, "The notice required is 'notice of attachment.' We have seen that in this case written 'notice of attachment' and of the levy upon the real estate was given to the defendant. If 'notice of attachment' means simply notice of its issuance, then defendant had the written notice required, but, if it means also notice of the levy, then he did not have the written notice of the levy on said personal property. We think the notice contemplated is of the levy, and therefore the levy upon said personal property was not valid, because no written notice of said levy was given to the defendant." Having so construed the statute with reference to personality, a similar construction logically follows when applied to land. If notice is required only to complete a levy on chattels, as was held in *Bank v. Converse,* 101 Iowa, 310, then it can serve no other purpose, in event of a levy on real estate. In that case, Robinson, J., speaking for the court, said: "In many cases, it is impossible to notify the defendant at the moment his property is seized under the writ. He may be in a distant part of the county, and his whereabouts may be unknown, and it cannot have been the legislative intent that in such case the attaching creditor acquires no rights, until notice of the levy is served, which are valid against subse-

quent creditors or grantees. We cannot conceive of any reason for such an interpretation of the statute, unless required by the language used. That does not state that the levy creates no right until notice thereof is given to the defendant, but that 'notice of attachment must be given.' In the absence of a more specific designation of the time when it must be given, it will be sufficient if given within a reasonable time, to be determined from all the circumstances of the case, and the levy will be effectual as a lien until the expiration of that time." Nor has notice ever been held in this state essential to make a levy on land. In *Bank v. Kellogg,* 81 Iowa, 124, and in *Anderson v. Plow Co.,* 101 Iowa, 747, the levy was invalid because never completed by service on the defendants. The same rule pertains to levies on personal property. *Hamilton v. Hartinger,* 96 Iowa, 12; *Commercial Nat. Bank v. Farmers' & Traders' Nat. Bank,* 82 Iowa, 192. In the last case notice to the officers of a corporation was adjudged essential to a levy on stock in a company. This was because of an express provision of the statute that such stocks be attached "by notifying the president or other head of the company, or the secretary, cashier, or other managing agent thereof," of the fact. This apprises those in charge of the transfer books of what has been done, and, as valid transfers of stock may not be made as against third parties save on such books, operates as constructive notice. *Moore v. Opera-House Co.,* 81 Iowa, 46. It serves the same office in a levy on such intangible property as possession does in the case of ordinary personalty or entry on the incumbrance book in the attachment of realty; the design in making a levy being that something be done to carry notice to third parties for their protection. The law, in requiring notice to be served on the defendant in the action, can have no other purpose than that of enabling him in apt time to guard any interests he may have in the property attached. If so, then there is no reason for construing it a part of the levy, and thereby putting it in

the power of the debtor, by sale or the execution of a mortgage, to defeat the attaching creditor, however diligent.

III.   We conclude that the lien attached when the sheriff indorsed the fact of making the levy on the writ of attachment; that the service of notice on David Osborne was only essential in order to complete the levy; and that this might be made within a reasonable time after such indorsement.   The sheriff did not find him at his home, some distance from the county seat, the day after the levy, and did not serve notice on him until five days after it was made.   The same promptness in giving notice of a levy on real estate is not demanded as of that on personalty. Delay will seldom occasion expense to the debtor, while costs are continually accumulating when personal property is held.   There was no change whatever in the situation of Osborne or of the interveners, and, under the circumstances disclosed, service must be held to have been made within a reasonable time.   See *Schoonover v. Osborne,* 108 Iowa, 453. The sheriff has other duties to perform and reasonable promptness in dispatching business, not exacted instanter, is all that should be insisted upon.   The ruling was right, and the decree is AFFIRMED.