LYDIA FRENCH, Appellee, v. BARTEL & MILLER, Appellants.

Quieting title: JUDGMENT: HOMESTEAD. An action to quiet title against the lien of a judgment will lie, although the property involved is the homestead of plaintiff, against which the judgment could not be enforced.

Same: TAXATION OF ATTORNEY'S FEE. Where plaintiff tendered a quit claim deed with the statutory fee before bringing suit to quiet the title to her homestead against the lien of a judgment, the taxation of the statutory attorney fee was proper, although the judgment was not enforceable against the homestead and defendants were not seeking to enforce the same.

Same: QUIT CLAIM DEED: EFFECT. The execution of a quit claim deed to relieve a homestead of the apparent lien of a judgment does not involve the surrender of any future right to levy upon the property in case its homestead character is lost its only effect would be to make apparent the fact that the plaintiff's homestead right antedated the judgment and the indebtedness upon which it was founded, thus rendering the property exempt from execution.

*Appeal from Council Bluffs Superior Court.*—HON. S. B. SNYDER, Judge.

SATURDAY, APRIL 11, 1914.

SUIT in equity to remove cloud on the title to plaintiff's homestead; such cloud arising because of the apparent lien

thereon of a judgment he̠ld by the defendants against the plaintiff. There was a decree for the plaintiff, and the defendants appeal.—*Affirmed.*

*H. V. Battey,* for appellants.

*W. H. Killpack,* for appellee.

EVANS, J.—The case was tried upon a stipulation of facts. Only questions of law are presented for our consideration.

I. The defendants' first contention is that a suit to quiet title under the statute will not lie to remove the cloud of a merely apparent lien.

1. QUIETING TITLE: judgment: homestead.
Under the stipulation of facts it is conceded that the property described in the petition is the plaintiff's homestead, and that it has been such for many years, and that the defendants' judgment against her is not a lien thereon. On the other hand, the validity of the judgment is conceded. It is argued by counsel, therefore, that the judgment is not an interest or right nor an apparent interest or right in or to the plaintiff's homestead, and that therefore it does not come within the terms of the quieting title statute. Code, sections 4223-4226.

This argument is based wholly upon the terms of the statute. The question, however, is quite foreclosed by some of our previous cases. *Blair v. Hemphill,* 111 Iowa, 226; *Anderson v. Plow Co.,* 101 Iowa, 747. In the latter case a decree was rendered quieting title against an apparent lien by attachment. In the *Blair* case it was said:

An action to quiet title is now an equitable proceeding in the nature of a remedy *quia timet,* and the rule is without exception that by bills of that character clouds of every description may be removed from title. . . . Code, section 4223, provides: 'An action to determine and quiet the title of real property may be brought by any one, whether in or out of possession, having or claiming an interest therein,

against any person claiming title thereto, though not in possession.' It is argued that this expressly provides that the action can be brought only against one who claims title. This is a very narrow construction of a statute giving an equitable remedy. But the following section shows, as we think, that the language quoted has no such restricted meaning. It provides that the petition shall pray that the defendant be barred and estopped from having or claiming 'any right' adverse to plaintiff.

The foregoing is quite conclusive on the proposition that the action will lie.

II. The trial court taxed an attorney fee of $10 against the defendants under the provisions of section 4226; the plaintiff having brought herself within the provisions of such section before the beginning of her suit. Such section is as follows:

2. SAME: taxation of attorney's fee.

Section 4226. If a party, twenty days or more before bringing suit to quiet a title to real estate, shall request of the person holding an apparent adverse interest or right therein the execution of a quitclaim deed thereto, and shall also tender to him one dollar and twenty-five cents to cover the expense of the execution and delivery of the deed, and if he shall refuse or neglect to comply therewith, the filing of a disclaimer of interest or right shall not avoid the costs in an action afterwards brought, and the court may, in its discretion, if the plaintiff succeeds, tax, in addition to the ordinary costs of court, an attorney's fee for plaintiff's attorney, not exceeding twenty-five dollars, etc.

It is urged by appellants' counsel that this case does not come within the provisions of such section, because the judgment against the plaintiff was in all respects valid, and the defendants were entitled to enforce the same against nonexempt property, and because, further, the defendants were not attempting to enforce the same against the homestead. It is argued that to have executed the quitclaim deed presented to them by plaintiff in advance of suit would have been

to relinquish existing legal rights, and the same would have barred them from enforcing their judgment in the future against this particular property, even though its homestead character might be abandoned by the plaintiff.

Section 4226 appears as a part of the Code chapter on quieting title. If the quieting title statutes are available to the plaintiff to remove the cloud of defendants' apparent lien, it would seem to follow quite logically that section 4226 is available also. The purpose of section 4226 is not to require any apparent lienholder to relinquish any actual beneficial right. Its purpose is to take away from the holder of an apparent lien or right which is such in appearance only, and not in fact, the arbitrary power to maintain a cloud upon the title of another to his injury, and thereby to drive the title holder to the alternative of incurring the expense of a formal quieting title suit on the one hand, or on the other of paying under practical duress a price to the holder of the apparent lien for a relinquishment of the apparent right.

In the case before us plaintiff's title to her homestead was manifestly clouded by the judgment lien to such an extent as would naturally affect the salability of the property. The judgment of the defendants was dated October 14, 1911. This was prior to the acquisition by plaintiff of the legal title to her homestead. She acquired this on October 23, 1911. Prior to this the legal title had been in her husband for many years, and the property had been occupied as a homestead by husband and wife for many years. The plaintiff acquired the legal title through a court decree in a divorce proceeding. Whether the occupancy of the homestead antedated the original indebtedness upon which the judgment was entered against the plaintiff did not appear upon the records until the institution of this suit. The plaintiff was not only entitled to occupy her homestead as such free and clear of any lien of such judgment, but she was also entitled to sell the same with the same exemption while the homestead character continued. If this action were not available to her in advance of a sale to

adjudicate her title as clear from the judgment in question, then she was without remedy to satisfy the reasonable apprehensions and objections of an intending purchaser.

If the defendants had executed the quitclaim deed presented to them for that purpose, the status of plaintiff's title to her homestead would have been thereby settled without other expense, and the defendants would have relinquished nothing but the cloud of the apparent lien. It is not correct to say that by the execution of a quitclaim deed the defendants would have surrendered the future right to levy upon the particular property in case it should be abandoned by plaintiff as a homestead. A quitclaim deed does not operate upon rights subsequently acquired. Nor would the execution of a quitclaim deed by the defendants as demanded by the plaintiff have stood in the way of a levy upon the property in the future in case the homestead right should be abandoned. The effect of such a quitclaim deed would have been to make apparent the fact that the plaintiff's homestead right antedated the judgment and the indebtedness upon which it was founded. This was the only relief asked in the petition. The relief granted in the decree was as follows:

3. SAME: quitclaim deed: effect.

Wherefore, it is considered, ordered, adjudged, and decreed by the court that the property hereinbefore described is the homestead of plaintiff, that she is entitled to hold the same as such as the head of a family, that the judgment of plaintiff is not a lien on said property, or any part of it; and it is further ordered, adjudged, and decreed by the court that the said property hereinbefore described is absolutely free and clear from the apparent lien of the judgment of defendants hereinbefore mentioned, and they are not entitled to enforce the same against plaintiff's said property, or any part thereof, and any and all clouds which the said judgment creates upon plaintiff's title are hereby removed and set aside, and said property is hereby declared free and clear from any apparent lien or cloud upon the title created by said judgment. It is further ordered, adjudged, and decreed that

plaintiff have and recover of and from the defendants in this case the costs of this action taxed at $——, and an attorney's fee in addition thereto in favor of plaintiff's attorney, W. H. Killpack, in the sum of $10.00, and that execution issue herein against the defendants for said costs and attorney's fees.

We reach the conclusion that the decree was proper in all respects, including the taxation of the attorney's fee. In view of this conclusion, we need not pass upon appellee's motion to dismiss the appeal.

The decree entered below is accordingly—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concurring.