SARAH A. KNIGHT, Appellee, v. B. J. CAVANAGH, Appellant.

QUIETING TITLE: Quitclaim to Avoid Suit—Surplusage in Deed—
Effect.   A demand for a quitclaim deed in order to remove the *apparent* lien of a judgment on a homestead is complied with by the tender of a quitclaim deed in the usual form but unnecessarily qualified by the statement, in effect, that the grantor reserves the right to proceed against the land in case the homestead is lost or abandoned.

Headnote 1:   32 Cyc. p. 1386.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

APRIL 7, 1925.

SUIT in equity, to quiet title to plaintiff's homestead against the apparent lien of a judgment in favor of defendant against her. From a decree for plaintiff, defendant appeals.—*Reversed and remanded.*

*C. C. Coyle,* for appellant.

*A. M. Miller,* for appellee.

ARTHUR, J.—I.   This action was brought under Section 4226, Code of 1897 (Section 12289, Code of 1924). The petition is in the usual form, and sufficient in substance, alleging that plaintiff is the owner of certain property; that said property is plaintiff's homestead; that defendant has a judgment against plaintiff which is an apparent lien on said property; that plaintiff acquired the homestead property prior to the rendition of

said judgment, and prior to the origin of the claim upon which it was based; that said judgment is a cloud on plaintiff's title to said homestead property; that, more than twenty days prior to the commencement of the action, tender was made to defendant of $1.25 for the execution of a quitclaim deed to the said homestead property; that defendant failed and refused to deliver a quitclaim deed, as required by law. Plaintiff prayed a decree quieting title to said real estate, and for costs and attorney fees.

The answer specifically denies that defendant failed and refused to deliver to plaintiff a quitclaim deed as required by law, and affirmatively alleges that, prior to the commencement of this action, he tendered a quitclaim deed, which he makes part of his answer, and avers that he has been and is willing to deliver said deed to plaintiff, and that plaintiff has refused to accept same.

Plaintiff demurred to the answer, on the ground that the deed tendered is not a quitclaim deed required by law. The demurrer was sustained, and defendant elected not to plead further. Decree was entered, quieting title in plaintiff to said homestead property against the "apparent lien and cloud on said title caused by the judgment," and judgment was entered against defendant for costs, including attorney's fees. From said decree and judgment this appeal is prosecuted.

II. The ruling sustaining the demurrer and entering the decree is assailed on the grounds that:

"The quitclaim deed tendered by defendant contained no provisions except such as are necessarily implied by law, and contained every relief and every provision to which plaintiff is by law entitled; and that said deed constituted a full and complete compliance with plaintiff's demand which was the basis of her action."

The fore part of the deed recites that:

"Bartholomew J. Cavanagh, * * * in consideration of $1.25, in hand paid by Sarah A. Knight, do hereby quitclaim unto the said Sarah A. Knight all my right, title, and interest in and to the following described premises" (describing the property).

Contained in the deed is a clause reading as follows:

"This deed is executed by grantor for the sole and only purpose of relieving the homestead right of grantee in and to

the premises herein described, from the apparent lien ·of a certain judgment'' (describing the judgment).

The deed proceeds,—and this is the part of the deed objected to :

''And is not intended to surrender or relinquish any right which the grantor may have or acquire, to proceed or undertake to enforce the said judgment against the said premises in event the homestead right of grantee therein be relinquished, surrendered, lost, or abandoned.''

The sole question in this case involves the construction of the above-quoted special provision contained in the deed, and the legal effect of it. In *French v. Bartel & Miller*, 164 Iowa 677, we had under consideration the question here involved. Both parties seem to rely upon that case in support of their contentions. Appellee relies upon the following language in the *French* case :

''If the defendants had executed the quitclaim deed presented to them for that purpose, the status of plaintiff's title to her homestead would have been thereby settled without other expense, and the defendants would have relinquished nothing but the cloud of the apparent lien. * * * A quitclaim deed does not operate upon rights subsequently acquired.''

Appellant supports his claim as to the effect of a quitclaim deed, with quotation from the *French* case, wherein we said :

''A quitclaim deed does not operate upon rights subsequently acquired. Nor would the execution of a quitclaim deed by the defendants, as demanded by the plaintiff, have stood in the way of a levy upon the property in the future in case the homestead right should be abandoned. The effect of such a quitclaim deed would have been to make apparent the fact that the plaintiff's homestead right antedated the judgment and the indebtedness upon which it was founded.''

It is not contended by either party that there is any inconsistency of announcement in the *French* case.

Upon examination and analysis of the special provision on account of which the tendered deed was rejected, we find in it only recital of facts conceded by the pleadings. The provision reserved to appellant no right that he does not have without said special provision. We regard the provision in the deed

objected to as surplusage, and that it does not increase the rights of appellant nor diminish those of appellee.

We reach the conclusion that the deed tendered fulfills and does not offend the requirements of the law, and that the holding of the court otherwise was wrong. The decree and judgment of the court below must be, and are, reversed. Accordingly, the case is remanded for decree and judgment in favor of appellant, dismissing appellee's petition, upon delivery to appellee of the quitclaim deed which was tendered.—*Reversed and remanded.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.