## CLUTE BROS. & CO. v. HAZLETON.

1. **Practice in the Supreme Court**: ABSTRACT: MOTION TO SUPPRESS DEPOSITION. A ruling upon a motion to suppress a deposition cannot be reviewed on appeal when the deposition is not contained in the abstract.

2. **Verification**: COMPETENCY OF AFFIANT: PRACTICE. Where a pleading requiring verification is verified by an attorney, who does not in his affidavit set forth that he has any knowledge whatever as to the truth of the allegations in the pleading, it may be stricken from the files.

3. **Practice**: DEFAULT: DISCRETION OF COURT. When a party is in default for want of a reply he cannot, until the default is set aside, file a reply without leave of court first obtained. The granting of a default because a pleading has not been filed, or giving leave to file the same, rests largely in the discretion of the court, and the abuse of this discretion must be made affirmatively to appear to justify the interference of the appellate court.

4. ———: COUNTER-CLAIM. The plaintiff, being in default for want of a reply, cannot waive a jury upon the cause of action contained in the petition and demand one upon the counter-claim.

*Appeal from Bremer District Court.*

TUESDAY, JUNE 10.

ACTION on a promissory note for six hundred and fifty dollars. The petition was verified. The answer is quite lengthy. It in substance stated—*First*, that the execution of the note sued on is admitted; *second*, that it was given as part of the purchase price of a steam engine which was bought for the purpose of running a grist-mill. The price of the engine was one thousand one hundred and fifty dollars, of which five hundred dollars was paid, and the note in suit given for the balance; *third*, that plaintiffs represented the engine to be capable of propelling certain machinery, and relying thereon defendant purchased it; that it was not as represented, and was worth no more than six hundred and fifty dollars; while if it had been as represented it would have been worth the purchase price; *fourth*, that defendant put said engine in the mill with the usual and proper appli-

ances, and expended thereon about three hundred dollars, and was compelled to take said engine out and put in another, whereby the mill remained idle for a time and was thereby damaged in about four hundred dollars. By reason of the premises defendant asked judgment for one thousand three hundred and fifty dollars. The answer was verified. A reply was filed which was stricken from the files, and there was a judgment rendered for defendant for costs. The plaintiffs appeal.

*Ephraim Kinne* and *G. C. Wright*, for appellants.

*Gray, Dougherty & Gibson,* for appellee.

SEEVERS, J.—I. The errors insisted on by counsel will be noticed as near as may be in the order presented in their argument. A motion was filed by plaintiffs to suppress the deposition of M. W. Hazleton, because the "cross-interrogatories were not written out and propounded to the witnesses, as the commissioner was ordered to write them out, or as propounded by plaintiffs' attorney; and for the reason that no commissioner's notice is attached to the deposition, or in any manner identified as authorizing William Haskel to take the deposition." It was also moved to suppress certain interrogatories and answers in said deposition because some of the former were leading, and others asked for the conclusions of the witness and the answer to the fourth interrogatory, because a "certain receipt is referred to therein, and neither a copy nor the original is appended to the deposition, nor any reason given" why the same was not done. The motion was overruled. The deposition is not in the abstract. It is, therefore, impossible to say that error has been affirmatively shown. It does appear from the abstract, however, that the receipt accompanied the deposition, was identified, and a sufficient reason given why it was not attached thereto. Code, § 3736.

1. PRACTICE in the supreme court: abstract: motion to suppress deposition.

II. That there was a counter-claim pleaded there can be

Clute Bros. & Co. v. Hazleton.

no doubt. It is true it is not stated with the desirable clear-
ness and precision. It may have been obnoxious
to a motion or demurrer, but in the absence of
either its sufficiency cannot be doubted. Indeed
we do not understand counsel to claim otherwise. The an-
swer containing the counter-claim was filed at the April Term,
1877. No reply having been filed the defendant, at the
October Term, 1877, moved for a default as to the counter-
claim. On the succeeding day plaintiffs filed a reply, which
was verified by one of their attorneys, as follows:

*"State of Iowa, Bremer County—ss.:*

"I, Ephraim Kinne, being duly sworn, depose and say that
I am the principal attorney for the plaintiffs in the above
entitled action; that all of the correspondence had by plain-
tiffs or their attorney, in regard to said action, has been had
with me; that I have the contract of purchase of said engine
in my possession (or copy of same); that I believe the above
reply to be correct and true; that said plaintiffs are non-
residents of the State of Iowa, and are not now within the
State of Iowa."

On the same day, on motion of the defendant, the reply
was stricken from the files because not properly verified; at
least that was one of the grounds of the motion. The reply
denied "each and every allegation in the answer" except as
admitted, and the effect was to put in issue the counter-claim.
It did not, therefore, relate alone to the cause of action evidenced
by the note sued on; as to which, the note being in his pos-
session, the verification could be made by the attorney. Code,
§ 2672. The sufficiency of the verification must be tested by
the provisions of Code, § 2673. The difficulty here is that
the affidavit fails to show the affiant to be competent. Mr.
Kinne does not state in the affidavit, as is required, that he
has any knowledge whatever as to the truth of the allega-
tions in the answer or reply, and herein lies the distinction
between the case at bar and *Yoe & Co. v. Nichols, ante,* 330.

*[margin note: 2. VERIFICA-TION: competency of affiant: practice.]*

Nor were there any facts stated in the affidavit from which the court could conclude Mr. Kinne was competent. There was no error in the ruling of the court.

III. Thereafter, during the same term, the plaintiffs moved the court for time to file a reply. The showing consisted of an affidavit of one of their attorneys, and it, among other things, stated that the attorney, "on examination of said answer, did not think it was necessary to file a reply to the same; that the matters set up by Hazleton were simply defensive, and, therefore, did not require a reply," and that plaintiffs are non-residents of the State; that a "verified reply of plaintiffs" can be filed "within a reasonable time." The motion was overruled and a default entered as to the counter-claim. Nothing further was done at that term except to continue the cause.

3. PRACTICE: default: discretion of court.

The abstract states that at the next term a motion was made to set aside the default, which motion, it is shown, was accompanied with a properly verified reply. But the amended abstract states that no motion was filed to set aside the default; that all that was filed was a reply, which was in fact filed in vacation, a few days before the term, without leave, and that no notice thereof was given defendant. This reply was, on motion of the defendant, stricken from the files. As to the correctness of this ruling there can be no doubt, because the plaintiffs were in default, and they could not properly file a reply without leave until the default had been set aside.

. The propriety of granting a default because a pleading has not been filed, or giving time to file the same, rests largely in the sound discretion of the trial court. *Carleton v. Byington,* 17 Iowa, 579. This must necessarily be so. The prompt and efficient disposal of business in such courts requires it, and this court cannot interfere unless such discretion has been abused. This must be affirmatively shown by the complaining party. The only excuse given why additional time was required was that the attorney concluded no reply was

Clute Bros. & Co. v. Hazleton.

necessary. When this conclusion was reached is not shown. For aught that appears it was not reached until the motion for a default was filed. The question to be determined was purely legal. The answer had been on file six months when time was asked. The emergency, therefore, was not sudden. Ample time had been given for reflection and consultation. There is no pretense the reply could not have been verified by the plaintiffs and filed during vacation. It is well understood by the profession that the filing of an unnecessary reply can work no possible prejudice. Due caution, therefore, requires that one should be filed in all cases of doubt. Further, a careful examination of the answer must, we think, have disclosed the fact that a reply was required if it was intended to controvert the counter-claim.

The court below must have concluded there was negligence, and that the efficient transaction of business required that a necessary rule should be enforced. We should have been as well satisfied if time had been granted, but we are unable to say the discretion reposed in the trial court has been abused. If the refusal to give additional time had been based on any other ground we might regard it differently. But the abuse of discretion must be shown to be gross before we would feel willing to interfere so directly with the proper transaction of business in the trial courts as we must in order to correct the supposed error in the case at bar.

IV. After the last reply was stricken from the files the following proceedings were had, as shown by the record: "Plaintiffs waive jury on the cause of action in the petition, but demand a jury on the counter-claim." To this the defendant objected because the plaintiffs were in default. The objection was sustained, and the trial proceeded before the court. In this ruling there was no error. Code, §§ 2872, 2873; *Cook v. Walters*, 4 Iowa, 72; *Laeber v. Delahaye*, 7 Id., 478.

The plaintiffs offered to introduce as evidence a deposition taken by them, but the court refused to receive the same.

The difficulty here is that the plaintiffs' cause of action was admitted, and, as we understand, the only question to be determined was the amount defendant was entitled to on his counter-claim. As to this, the only right plaintiffs had was to cross-examine defendant's witnesses. Code, § 2873, and cases before cited. If any other question was tried the record fails to disclose it. The evidence introduced is not contained in the record, and here again the rule applies with full force that error must be affirmatively shown.

It is said that the amount of the counter-claim, as stated in the pleadings, was only four hundred dollars, and that, therefore, it was error to render judgment against plaintiffs for costs, when it was admitted there was six hundred and fifty dollars and interest for near four years due the plaintiffs. But we think defendant's counter-claim was alleged to be at least seven hundred dollars, and we are not prepared to say that he could not recover, under the allegations in his pleading, the five hundred dollars paid more than the engine was admitted to be worth.

AFFIRMED.