Sprague v. Haight.

---

SPRAGUE v. HAIGHT ET AL.

1. **Practice:** MOTION: TIME FOR FILING. In a case where a motion for security for costs is proper, such motion must be filed by the time the defendant is required to plead, or such further time as may be granted by the court, otherwise it may properly be overruled.

*Appeal from Appanoose District Court.*

TUESDAY, OCTOBER 5.

ACTION in equity to foreclose a mortgage. The mortgage appears to have been executed by the defendants John Haight and Roxma Haight, his wife. It was alleged in the petition that the defendants Linkendoffer and Richardson claimed some interest in the mortgaged property, but that whatever interests they had were subordinate to the mortgage. Service of an original notice was had upon all the parties. On

Sprague v. Haight.

the second day of the term at which defendants were required
to appear, a default for want of appearance was duly entered
against the said John and Roxma Haight. The defendants
Linkendoffer and Richardson appeared by attorney. On the
third day of the term they asked time until the next morning
to file a motion for security for costs, which time was given
by the court. They failed to file the application for security
for costs in the time given them, and the court required them
to answer by noon of said day. They did not comply with
this order, but on the next day, being the fifth day of the
term, they filed a motion for security for costs, upon the
ground that the plaintiff was a non-resident of the State. On
the seventh day of the term the court overruled the motion
because not filed by the time fixed by the court. The said
defendants elected to stand on their motion, whereupon the
court entered a default against them for want of an answer.
Defendants excepted, and appeal.

*Geo. D. Porter*, for appellants.

*L. C. Mechem*, for appellee.

ROTHROCK, J.—The ruling of the court in refusing to en-
tertain a motion for security for costs, filed after the time
1. PRACTICE: fixed therefor, was undoubtedly correct. Counsel
motion : time
for filing.  for appellants contends that under section 2927
of the Code they had the right to file such motion at any
time before answering. But when some pleading was re-
quired on the second day of the term, the defendants neither
filed their answer nor motion, but the case passed till the
next day without either. On the third day they were given
until the morning of the fourth to file their motion. This
they did not do, and they were ordered to answer. The stat-
ute does not mean that a party may have his own time to file
the motion. When the time arrives for an answer, demurrer,
or motion, he may properly be required to do something. If
he chooses to make the motion, he must make it instanter, or

within such time as is given him by the court. If he fails, without sufficient excuse, he may properly be held to have waived his right to file the motion, and may be required to answer or demur.

AFFIRMED.