SIOUX VALLEY STATE BANK, Appellee, v. MORRIS KELLOG, Appellant.

1. **Attachment:** PLEADING : VERIFICATION. The provisions of section 2672 of the Code, requiring that affidavits in verification of pleadings show the competency of the affiant to make the verification, are not applicable to affidavits made under section 2951 of the Code as the basis for the issuance of writs of attachment.

2. ——— : LEVY : NOTICE. The failure of an officer executing a writ of attachment to give notice of the levy thereunder to the attachment defendant renders the levy invalid, notwithstanding an entry thereof in the incumbrance book.

3. ——— : DAMAGES : NOTICE. Where the levy of a writ of attachment is fatally defective no damages are recoverable for the wrongful suing out of such writ, and, upon disclosure of such fact, evidence introduced under issues joined on the attachment defendant's counterclaim for such damages should be withdrawn from the jury.

4. **Evidence :** DECLARATIONS : AGENCY. Proof of declarations made by an agent in the course of his employment for the sale and lease of certain lands, that such lands had been conveyed to his principal in payment of a promissory note held by the principal against the latter's grantor, is not admissible in an action by the principal against the grantor for the collection of such note to show payment thereof.

5. **Trial by Jury :** PROOF : PRACTICE. Where the evidence produced in support of an issue in a cause is so deficient in proof thereof that a verdict thereon in favor of the party presenting the same would be set aside, the court may properly withdraw such issue from the consideration of the jury.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

Wednesday, October 15, 1890.

Action upon a promissory note. There was a judgment upon a verdict for the plaintiff. The defendant appeals.

*Joy, Hudson, Call & Joy*, for appellant.

*Hubbard, Spalding & Taylor*, for appellee.

Beck, J.—I.   The petition declares upon a promissory note, of which defendant was a joint maker. The defendant alleges in his answer that he executed the note as the surety of his co-maker. An attachment was issued in the case, which was levied upon defendant's lands. The defenses pleaded to the action need not be here stated. The objections raised by counsel of defendant against the judgment will be considered in the order of their presentation in argument.

II.   Defendant moved in the court below to strike the verification of plaintiff's petition, on the ground that, being made by the attorney for plaintiff, it fails to show that he had knowledge of the statements contained in the petition, thus showing his competency to make the affidavits. Counsel's position is based upon Code, section 2672, which, with preceding sections, provides for the verification of pleadings, and that subsequent pleadings shall be in a like manner verified. These sections are designed to restrict pleadings to matters of fact, and to prevent abuses arising from the pleading of fictitious defenses. The affidavit verifying the petition in this case was not made under the section of the statute cited by defendant's counsel, above mentioned, but under Code, section 2951, prescribing that the petition in an action wherein an attachment is sought must be sworn to; but it contains no provision like that found in the section cited by plaintiff's counsel, to the effect that the competency of the affiant must be shown in the verification. The motion to strike the verification was rightly overruled.

1. Attachment: pleading: verification.

III.    The defendant pleaded as a defense, and set up as a counterclaim, that the attachment was issued

2. ——: levy: notice.  without any just cause, and wrongfully, and that he sustained loss and injury by reason of the unlawful issuing of the attachment.    The damages accruing therefor he seeks to recover in this

3. ——: damages: notice.  action.    The district court excluded evidence tending to support defendant's counterclaim, and withdrew it from the consideration of the jury.    This action of the court was right, for the reason that the record shows that there was in fact no levy of the attachment.    It is not shown in the record that notice of the levy of the attachment was given to the defendant.    The return of the officer serving the attachment fails to show such notice.    This court has held that, under Code, section 2967, such defect is fatal, and a levy is invalid in the absence of the notice required by this section.    And this is so, though the supposed levy, as in that case and this, was entered in the incumbrance book.    *First Nat. Bank v. Jasper Co. Bank*, 71 Iowa, 486.

IV.    The defendant proposed to prove declarations and statements made by the cashier of plaintiff to the

4. EVIDENCE: declarations: agency.  effect that certain lands were conveyed to plaintiff by the principal in the note in payment thereof.    These declarations and statements were offered in evidence to support the defense that the note had been paid, and were made by the cashier while renting the lands, collecting rents thereon, or negotiating sales thereof.    The evidence, we think, was rightly excluded.    It will be observed that the admission and statements pertained to the issue involving the existence of the debt on the note and its payment.    They were made while the cashier was transacting business concerning the lands, not business concerning the debt on the note.    Now the statements of an agent will be received in evidence against his principal only when made touching matters of business which he is transacting when they are made, and which are in the scope of his authority.    *McPherrin v.*

*Jennings*, 66 Iowa, 622. The controversy between the parties involves the question of fact whether the land was conveyed to the bank in payment or security of the debt for which defendant's note was given. There is no controversy as to the fact that the lands were conveyed to the bank. It will be readily seen that, while holding the land as security, the bank may have had the authority to sell and rent the lands, and collect rents therefor. Business connected with the renting and sale of the land, and the collection of rents, had no connection with the question involving the payment of the note. We conclude the evidence was rightly excluded.

V. The defendant alleged in his answer that the cashier of plaintiff informed him that the note had been

5. Trial by jury: proof: practice.

paid, and that, relying and acting upon this information, he had omitted to secure his claim on his codefendant by reason of the execution of the note as surety. Wherefore defendant alleges that plaintiff is now estopped to claim that defendant is liable on the note. The court by an instruction withdrew the consideration of this defense from the jury, on the ground that it is not supported by proof. The ruling of the court is correct. The evidence wholly fails to show that defendant could have secured one cent from his codefendant, had he attempted to do so, after the statements as to the payment of the note alleged to have been made by plaintiff's cashier. In that condition of the proof, no verdict ought to have been found for defendant upon this defense, and, if the issue thereon had been submitted to the jury, and a verdict found for defendant upon that issue, it would have been set aside. We conclude, upon these considerations, that the district court rightly withdrew the defense from the jury.

This discussion disposes of all questions in the case, and leads us to the conclusion that the judgment of the district court ought to be AFFIRMED.