CHAS. W. CARPENTER, Plaintiff, v. W. G. CLEMENTS, Judge, Defendant.

Attachment: APPLICATION FOR AN EXAMINATION OF DEFENDANT: CONTEMPT. An application and affidavit made and verified by plaintiff's attorney for an order requiring an attachment defendant to appear for examination respecting his property, under Code, section 3901, is a compliance with that section and confers jurisdiction for all purposes connected with the proceedings; and will authorize punishment for contempt upon refusal to submit to an examination.

THURSDAY, JANUARY 21, 1904.

CERTIORARI proceedings in this court to review the action of the defendant while acting as judge of the district court for the Sixth Judicial District of Iowa in and for Mahaska county, in adjudging plaintiff guilty of contempt in refusing to answer questions propounded to him in a supplemental proceeding instituted to discover property on which an attachment might be levied.—*Dismissed.*

*McCoy & McCoy* and *Dewey & Dewey* for plaintiff.

*Stockman & Hamilton* and *J. C. Williams* for defendant.

DEEMER, C. J.—From the defendant's return to the writ, ordered by one of the justices of this court, which must be regarded as conclusive, we gather the following facts necessary to an understanding of the legal propositions presented: One May Seibert brought action in the district court of Mahaska county against the plaintiff, claiming damages for an alleged forcible defilement of her person. She presented her petition to a district judge for the allowance of a writ of attachment, which was granted, and property to the amount of $5,000 was permitted to be attached. A writ was issued pursuant to the

order, which was served by garnishing various parties, who it is claimed were indebted to the defendant, no property being found which was subject to attachment. Before any return had been made upon the writ, but after some notices of garnishment had in fact been served, plaintiff in the case, through her counsel, filed the following application:

"Comes now the plaintiff and prays for an order directing that the defendant be required to appear before the court or a judge of this court, and answer such questions as may be asked him with relation to the discovery of property.

"Stockman and Hamilton,
"Attorneys for Plaintiff.

"State of Iowa, Mahaska County—ss.     I, D. W. Hamilton, being duly sworn, on my oath do say that I am one of the attorneys for the plaintiff; that the above entitled action was aided by attachment; that attachment was issued on the 17th day of January, 1903, and was served by garnishment on certain persons, but no property was found upon which to levy; that by said garnishment this affiant cannot say that any property has been reached but believes and has reasons to believe that not a sufficient amount of property has been reached to satisfy plaintiff's claim. Affiant further states that he believes that defendant has property which he conceals and that defendant is concealing his property to prevent the same from being levied upon under the writ issued in this case.

"D. W. Hamilton.

"Subscribed and sworn to before me this 26th day of January, 1903.

"[Seal.]     R. E. Davis,
"Clerk of the District Court."

The return then recites the following proceedings as had and done: "Upon presentation of the foregoing application and affidavit, I made and entered the following

order upon said application, to wit: 'The foregoing application being presented to me January 26, 1903, after an examination of the same it is hereby ordered that said defendant be notified to appear before me at the courthouse in Oskaloosa, Iowa, on the 27th day of January, 1903, at one o'clock p. m., to answer such questions as may be propounded to him with reference to the discovery of property. W. G. Clements, Judge of the 6th Judicial Dist.' I further certify that by agreement made between counsel for plaintiff, Charles Carpenter, and D. W. Hamilton, one of the attorneys for May Seibert, it was arranged that the answer of the said Charles Carpenter be not taken upon the said 27th day of January, 1903, for the reason that the counsel for the said Charles Carpenter were at that time engaged in the argument of a motion for new trial in the case of *State of Iowa v. Charles Carpenter*, and that the matter should not come up for hearing until such time as counsel for the said Charles Carpenter had finished their arguments; that, after the arguments were all closed in the matter of the motion for a new trial in the case of the *State of Iowa v. Charles Carpenter*, he appeared before me in person and by his attorneys, McCoy and McCoy and A. R. Dewey, and filed the following motion—" We do not set out this motion in full, as to do so would unnecessarily incumber the records. It was a motion to dismiss the order, based upon the grounds that the affidavit in support of the application was insufficient both in form and substance to justify the making of the order. This motion was overruled. Thereupon defendant in the main suit and plaintiff in this filed a demurrer based upon practically the same grounds as the motion, and for the further reason that at that time return had been made of the attachment showing various garnishments thereunder. This was overruled. Thereupon Carpenter, the plaintiff herein, filed a motion for a continuance, which need not be referred to

further than to say that it was also overruled. Carpenter was then called to the stand for examination pursuant to the order, and, through his attorneys, objected to answering any questions. The witness refusing to answer, he was ordered committed to jail until he manifested an intention to answer. Thereupon he sued out this writ of *certiorari*, and the matter thus comes before us for review.

Section 3901 of the Code reads as follows: "Whenever it appears by the affidavit of the plaintiff or by the return of the attachment, that no property is known to the plaintiff or to the officer on which the attachment can be executed or not enough to satisfy the plaintiff's claim and it being shown to the judge of any court by affidavit that the defendant has property within the state not exempt, the defendant may be required by such judge to attend before him or before the court in which the action is pending * * * and give answers on oath respecting his property." It is contended that the court was without jurisdiction in the matter, and acted illegally in overruling defendant's motion to dismiss and his demurrer to the application, and in ordering him committed for contempt, for the reason that the affidavit was not made by plaintiff as the statute requires; that the person who made the affidavit did not show himself competent to make it; and that in no case can any person other than plaintiff make the requisite affidavit.

Turning now to the affidavit which was the basis of the proceedings, it will be observed that it was not made by the plaintiff in the main case, but that the application was made for her and on her behalf by her attorneys, and that the affidavit was made by D. W. Hamilton, who we may assume was one of the plaintiff's attorneys. It will be noticed that the statute refers to two distinct matters —one the fact that there is no property on which the writ can be levied, or not enough to satisfy the plaintiff's claim; and the other that the defendant has property

within the state which is not exempt. This last matter need not be shown by the affidavit of the plaintiff, but by any one who has knowledge of the facts. In this case it was attempted to be shown by the affidavit of Hamilton. As he verified his statements, it must be assumed that he had knowledge thereof, and he was not required to show his competency to make it. When one makes an affidavit, we must assume that he has knowledge of the facts to which he testifies, else we must presume that he committed perjury, which we are not justified in doing. There was a sufficient showing as to defendant's having property, although it is not stated in so many words that the property was not exempt. Carpenter made no objection to the proceeding on the ground that it was not recited that the property was subject to levy; hence we pass that point.

But as to the other matter the statute says that, if it appears from the affidavit of plaintiff or from the return of the attachment that no property is known, etc., then, upon a showing of the second requisite, the defendant may be required to give information under oath regarding his property. This was not shown either by the affidavit of the plaintiff or by the return of the attachment, but is shown by the affidavit of Hamilton, and the application was on the behalf of the plaintiff. Plaintiff in this case relies on *Clute v. Hazleton*, 51 Iowa, 355, which holds that an affidavit of an attorney to a pleading is insufficient if it fails to show his competency as required by section 3583 of the Code, which was in force when that case was decided. That decision is not in point, for the reason that it has reference to pleadings only, and not to other matters which may require verification. In *Sioux Valley State Bank v. Kellog,* 81 Iowa, 124, this distinction is pointed out, and it is there held that an attorney who verifies a petition for an attachment need not show his competency. The sections of the Code with reference to

verification of pleadings on which the plaintiff herein relies are not applicable to this proceeding for the reason that the application in the main case was not a "pleading" as that term is used in the statute. Must the affidavit then be made by the plaintiff himself, or is it sufficient that he adopts the affidavit made by some one else, who we must assume for the purposes of the case knew of the facts to which he made oath? There may be cases where plaintiff has no knowledge as to the defendant's property, but in which his attorney may have full information thereof; and we think that where the plaintiff makes the application and accompanies it by an affidavit as to the facts, although made by another, he so far adopts the affidavit as to make it his own for all purposes connected with such a proceeding; that the statute, although not literally fulfilled, has been substantially complied with; and that such a showing is a sufficient basis for the order for an examination. Counsel for the plaintiff have virtually argued that the court was without jurisdiction because of the alleged defects, but this is manifestly an erroneous view. Even if there were no verification, the order would not be without jurisdiction. It is a defect only, which must be raised at the proper time and in the right manner. *Rush v. Rush*, 46 Iowa, 648. We have treated the questions as broader than this, but reach practically the same conclusion.

Counsel have argued the case as if it were pending on a demurrer filed by the defendant herein when the petition for the writ was presented to one of our judges, but this is not the true aspect of the matter. The case for decision here is on the petition, the writ, and the return made by the defendant, and this return, as to all matters relating to the procedure of the defendant in the main case, is conclusive. We are to simply review these proceedings, and to determine whether the trial judge acted illegally or exceeded his jurisdiction. Finding that he did not, the writ must be DISMISSED.