## N. W. WILKINS v. BETTY HANSON and Others.[1]

November 22, 1912.

Nos. 17,923—(71).

**Principal and surety — estoppel of creditor.**

If a creditor informs a surety that the debt is paid or settled, and thereby lulls the latter into security, inducing him to take no steps to protect him-

[1] Reported in 138 N. W. 418.

self, and the surety thus suffers damage, the creditor is estopped from thereafter proceeding against the surety.

**Evidence — questions of fact.**

Evidence considered and *held* to make a case for the jury on the questions whether the creditor stated to the surety that the debt was settled, whether the surety was thereby induced to take no steps to protect himself, and whether he thereby suffered damage.

Action in the district court for Clay county to recover $300 upon a promissory note. Defense of defendants Bayer and Beck is stated in the opinion. The case was tried before Nye, J., who directed a verdict against defendants Hanson and denied a motion to direct a verdict against defendants Bayer and Beck, and a jury who returned a verdict in their favor. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Christian O. Dosland,* for appellant.

*Charles S. Marden* and *W. B. Douglas,* for respondents.

BUNN, J.

This action was to recover on a promissory note executed by the defendants Betty Hanson and A. Hanson, as principals, and by defendants Bayer and Beck as sureties. The Hansons did not appear at the trial, and a verdict was directed in plaintiff's favor as against them. As between plaintiff and defendants Bayer and Beck, the case was submitted to the jury, and a verdict returned in favor of said defendants. Plaintiff appeals from an order denying his motion for a new trial.

The assignments of error raise but one question: Was plaintiff entitled on the evidence to a directed verdict against defendants Bayer and Beck?

The defense was that after the maturity of the note, and at a time when the Hansons were preparing to move to Canada, the sureties, on requesting A. Hanson to pay the note, were informed by him that it had been paid, and that upon inquiring of plaintiff if the note had been paid, were informed by him that it had been settled; that had they not been "lulled to security" by this statement of plaintiffs,

defendants could and would have protected themselves by collecting the note from the Hansons.

The law is well settled that, if a creditor informs a surety that the debt is paid or settled, and thereby lulls the surety into security, inducing him to take no steps to protect himself, the creditor is estopped from thereafter proceeding against the surety, if there is evidence tending to show that the surety was damaged; that is, that he might have protected himself, had he not been induced to take no steps to that end. 32 Cyc. 214; Childs, Suretyship & Guaranty, 265; Carpenter v. King, 9 Metc. (Mass.) 511, 43 Am. Dec. 405; Sioux Falls v. Kellog, 81 Iowa, 124, 46 N. W. 859; Auchampaugh v. Schmidt, 80 Iowa, 186.

The evidence was ample to justify the submission to the jury of the question whether plaintiff stated to defendants that the note had been settled, and the question whether defendants relied on this statement and were thereby induced to allow the Hansons to depart for Canada without taking any steps to protect themselves. The only doubt is whether defendants suffered any loss, that is, whether there is any showing that would warrant the jury in finding that they could have protected themselves had they made the effort. We have examined the record with care, and reach the conclusion that this question was for the jury. There was evidence tending to show that A. Hanson had recently received $800 on a life insurance policy, that he had a car loaded in part with personal property ready to transport to Canada, and that his wife, defendant Betty Hanson, owned a building, which had just been sold for some $700 more than the incumbrances thereon. While this evidence does not make a strong showing of actual damage to the sureties, we are satisfied that it is sufficient to warrant the submission of the question to the jury. We hold that the trial court was correct in denying plaintiff's motion for a directed verdict.

Order affirmed.