JOHN N. HUESTON, Appellant, v. PREFERRED ACCIDENT INSURANCE COMPANY, Appellee.

Attorney and client: NEGLECT OF ATTORNEY: RELIEF. It is the settled
1   rule that a client is chargeable with. the neglect of his attorney, yet the courts will relieve from an accident, mistake or misfortune not brought about through neglect or inactivity.

Judgments: VACATION OF DEFAULT: DISCRETION. The trial court has a
2   large discretion in the matter of setting aside a default judgment, and unless there was a manifest abuse of such discretion in permitting a trial upon the merits the order of the court will not be disturbed. This rule applies whether the proceedings were instituted at the term at which default was entered or at a subsequent term.

Same. Although a printed bar docket is not an official court record, yet
3   it is a means of information concerning the status of cases upon which attorneys may indulge some reliance; and where a case did not appear on the bar docket as might reasonably have been ex-

pected, and the attorney was misled thereby and default entered, there was no abuse of discretion in setting aside the default at the same term, action being taken immediately upon discovery of the mistake.

Same: AFFIDAVITS. The fact that the affidavits in support of a motion to set aside a default were made before another attorney in the case was not ground for the court to refuse their consideration.

Same: AFFIDAVIT OF MERITS: VERIFICATION. The statute providing that when a pleading is verified by one other than the party to the action, such person shall qualify by establishing his knowledge of the facts, has no application to an affidavit of merits filed in connection with a motion to set aside a default.

Same: PLEADINGS: VERIFICATION: WAIVER OF OBJECTION. A motion to strike is the proper method of attacking a pleading not duly verified; and any defect in the verification of a proposed answer, in connection with a motion to set aside a default, is waived by merely objecting to the sufficiency of the facts and going to trial on the merits of the motion.

*Appeal from Lee District Court.*—HON. W. S. HAMILTON, Judge.

THURSDAY, OCTOBER 23, 1913.

APPEAL by plaintiff from an order setting aside default and decree entered in the district court.—*Affirmed.*

*B. F. Jones* and *Bernard A. Dolan,* for appellant.

*Hughes & McCoid,* for appellee.

WITHROW, J.—I. The appellant brought an action in equity in the district court of Lee county, at Keokuk, upon an accident insurance contract with the defendant (appellee). The petition was filed April 23, 1912, and original notice returnable at the May term of court was placed in the hands of the sheriff for service. No person was found upon whom service could properly be had, and the service was not made

for the May term. Thereafter another notice was issued and served, returnable at the September term of court. As appears from the record, after service of the second notice the agent of appellee, upon whom such service was made, took it to Hughes & McCoid, a firm of attorneys in Keokuk, some time in June, 1912, and retained them to make defense. On the 2d day of the September term of the court, to wit, September 23, 1912, no appearance having been entered, the plaintiff in the action took default, and on the following day, September 24th, decree was entered in favor of plaintiff. On September 26th the defendant, this appellee, filed its motion to set aside the default and judgment, attaching to such motion affidavits of cause and also an affidavit of merits, as required by statute, together with an answer. The grounds of the motion as shown by the affidavits of the attorneys for the appellee were as follows: That the action, having been commenced April 23d, was entered on the appearance calendar of the printed bar docket for the May term. That, in making up the bar docket for the September term, the cause was placed among the continued causes and, at the instance of counsel for appellant was noted for trial at the September term. That the principal charge of the case was with E. L. McCoid, one of counsel for the defendant, and at the opening of the September term he was absent, attending court in another county. His partner, F. T. Hughes, was present on the opening day of the court at Keokuk and entered appearance and took time to plead in all cases on the appearance docket where the firm had been retained. In his affidavit, and also in his testimony, Mr. Hughes states that this action being really an appearance cause, and not appearing on the printed bar docket supplied to the attorneys, and supposing that it would be on the appearance docket if plaintiff intended to push the action, he was misled. He did not examine the official appearance docket kept by the clerk but relied upon the printed bar docket. Upon his return to Keokuk, a day or two later, Mr. McCoid went over the bar docket with his

partner to ascertain what steps had been taken in their several cases, and discovery was then made that this cause appeared among the continuance cases and had been noted for trial. Ascertaining further that default had been taken and decree entered, counsel for the defendant, this appellee, immediately prepared and filed an application to set aside the default and judgment, asking that defendant be permitted to make defense, such application having been filed during the term and on the second day after the entry of judgment. To this the appellant filed objections. 'Upon hearing oral testimony was taken in addition to the affidavits filed, and on October 10th the trial court vacated the decree and set aside the default, from which action this appeal was taken. The nature of appellant's objections will appear in the further consideration of the case.

II. Appellant claims that the record shows that the judgment and decree entered in the case was due to the failure of the attorneys for the defendant to appear, and that no valid excuse is offered for such want of appearance.

It is a rule well settled, and necessary for the orderly and timely discharge of the business of the courts, that a client is charged with the neglect of his attorney. This general rule is stated in many of our decided cases, among which are *Church v. Lacy,* 102 Iowa, 235; *Sioux City Mfg. Co. v. Boddy,* 108 Iowa, 538; *Barto v. Electric Co.,* 119 Iowa, 179.

1. ATTORNEY AND CLIENT: neglect of attorney: relief.

While recognizing such rule, the case last noted uses the following language: "But it has ever been the purpose of the courts to relieve from accident, mistake, and misfortune not brought about through neglect or inactivity. There is no difficulty in announcing the general rules which should govern in such applications as this, but trouble arises when attempt is made to apply these rules to the facts of the particular case. Hence it has been said that each case must be determined to a great extent upon its own circumstances."

To be considered in connection with this rule is Code,

section 3790, which provides: "Default may be set aside on such terms as to the court may seem just, among which must be that of pleading issuably and forthwith, but not unless an affidavit of merits is filed, and a reasonable excuse shown for having made such default, nor unless application therefor is made at the term in which default was entered."

The motion to set aside the default having been made in the term when such default was entered, and having been supported by an affidavit of merits and an answer, which for 2. JUDGMENTS: the purpose of the phase of the case presented vacation of default: discretion. in this division of the opinion we assume to be sufficient, it remains to be determined whether the showing of facts is such that it must be found that the trial court committed an abuse of discretion in sustaining the motion and permitting defense to be made.

The proposition is thus stated for the reason that this court has held that a very large discretion is vested in the trial court in the matter of setting aside a default; and, unless there is manifest abuse of discretion, its action in allowing a trial on the merits will not be disturbed. *Sitzer v. Fenzloff,* 112 Iowa, 491; *Foley v. Leisy Brewing Co.,* 116 Iowa, 179; *Barto v. Electric Co., supra.* And this rule applies as well to proceedings to set aside default and judgment brought under chapter 1, title 20, of the Code, as to a motion to set aside default under Code, section 3790. *Sitzer v. Fenzloff, supra.* By both parties this proceeding is treated as being under the section last quoted; and, as the rule is substantially the same in either case, we need not discuss the question of method.

By Code, section 3661, it is made the duty of the clerk to furnish to the court and to the bar a sufficient number of printed copies of the calendar. While such does not consti- 3. SAME. tute one of the official records of the court *(Gifford v. Cole,* 57 Iowa, 272), it is neverthe-less a means of information upon which attorneys have come to rely, as showing the pending causes. While one may not

be indulged in placing full reliance upon the bar docket to the exclusion of ascertaining what the official record shows as to the status of causes in which he may be interested, yet where the printed docket is misleading to the attorney, or fails to give to him the information which he reasonably may expect to be there, and when upon discovering his mistake, immediate action is taken to protect the interests of his client, we would be reluctant to hold that the trial court, with its knowledge of the situation and of the methods of practice in its court, had abused discretion in setting aside a default and judgment obtained under such conditions. We think the record fairly shows that the attorney for the appellee was misled as to his duty because the case did not appear in the list of appearance cases but among those noted for trial. Upon discovering the mistake, action was immediately taken, and we cannot hold that the trial court exceeded its power in setting aside the default and judgment, unless because of other contentions of the appellant it be found that there were no such affidavits and pleadings filed, as to form and substance, as would give to the court the power to act.

III. Affidavits filed by Mr. Hughes in support of the motion were sworn to by Mr. McCoid as a notary public, and the affidavit by Mr. McCoid was sworn to by his partner as a

4. SAME: affida-vits.

notary public. Also the answer which was filed was verified by F. T. Hughes before his partner as a notary public. It is claimed by the appellant that affidavits made before one who is an attorney in the case are nullities, and the trial court had not the right to consider them. The cases cited by appellant do not support this proposition. In *Empire Mortgage Company v. Beechley,* 137 Iowa, 7, it was held by this court that an affidavit of publication of notice in proceedings in attachment against a nonresident, sworn to by the publisher before the plaintiff in the action, who was a notary public, was insufficient and conferred no jurisdiction upon the trial court. This case was decided under the authority of *Bank v. Radtke,* 87 Iowa, 365,

and *Smith v. Clark,* 100 Iowa, 609; the rule stated in those cases being that an acknowledgment of mortgages taken by a notary public, who is interested in the transaction, in the one case as a partner and in the other as a stockholder, in the bank to which the mortgages were given, was invalid because of the beneficial interest of the notary public. We have not held, although in some states such appears to be the rule, that an attorney in a case cannot as a notary public administer the oath in affidavits filed in the case. The reason of personal or pecuniary interest, which is the basis of the cited cases, has not the same application under our decisions to attorneys representing a party as to the party himself, nor has this court applied the rule to affidavits as distinguished from acknowledgments, excepting when the affidavit was the basis of a right and was made before a party to the proceeding.

IV. It is also claimed that the verification of the affidavit of merits and also of the answer, sworn to by F. T. Hughes as one of the attorneys for the defense, did not show such knowledge as entitled it to be treated as a proper pleading or showing in the case. Code, section 3584, provides that, ''if the statements

5. SAME: affidavit of merits: verification.

of a pleading are known to any other person than the party, such person may make the affidavit which shall contain averments showing affiant competent to make the same.'' Under Code, section 3583, which governs the affidavit made by attorneys in the cause, this court has held that the rule as to showing competency applies to pleadings only and not to other matters which may require verification. *Carpenter v. Clements,* 122 Iowa, 298; *Sioux Valley Bank v. Kellog,* 81 Iowa, 124.

The objections, therefore, are without merit to the affidavits as to want of negligence and the affidavit of merits. As to the answer it may be said that if the verification was insufficient or defective, and therefore, as claimed by appellant, no verification, it was his duty to move to strike it from the files if

6. SAME: pleadings: verification: waiver of objection.

objection to it for that reason was desired to be taken. Code,

section 3588. This he did not do but on the contrary filed objections to the motion with its attendant affidavits and pleadings, challenging the sufficiency of the facts, and also denying that there was competent proof of the facts, and following such proceeded to trial on the merits of the motion. He thus waived any defect in the verification.

V. The judgment entered against appellee by default was for $2,347.50. It was based upon an alleged permanent injury of the plaintiff. The affidavit of merits presented the claim that a settlement had been made with the plaintiff, and in his petition plaintiff, this appellant, so stated, but also claimed that such settlement was the result of a mutual mistake as to the extent of his injuries. It therefore appears that there was a subject of sharp controversy, the merits of which had not been determined. The policy of the law is that all litigants shall have the right to be fully heard, and to this end the rule as to setting aside defaults has been declared.

The trial court is not shown to have abused its discretion in granting the prayer of the defendant, this appellee, and the order entered setting aside the default and judgment is *Affirmed.*

WEAVER, C. J., and DEEMER and GAYNOR, JJ., concur.