WILLIAM L. SCHULTZ, Appellee, v. METROPOLITAN LIFE INSUR-
ANCE COMPANY, Appellant.

No. 44289.

DECEMBER 13, 1938.

REHEARING DENIED APRIL 7, 1939.

Davis, McLaughlin & Hise, and Thompson & Weible, for appellant.

Howard T. Lambert and Leming & Hobson, for appellee.

KINTZINGER, J.—On April 1, 1937, the plaintiff filed a petition at law seeking damages against the defendant in the district court of Webster County, Iowa. This action was commenced for the April, 1937, term of that court, which commenced on April 12, 1937. On April 8, 1937, defendant's attorneys wrote plaintiff's attorneys that the defendant just received word of the action, that they were then involved in other litigation, and asked that they be given time before being required to give attention to this case. Plaintiff's attorneys replied to this letter on April 9th saying: "We have no objection to your taking such time as you may wish in this, just so you let us know when you get around to make up the issues."

Nothing further was done in this action until May 29, 1937, when the defendant filed a motion for security for costs. This motion was in the following form, omitting the caption:

"The defendant moves the court to require the plaintiff to give security for costs in this action as provided by law, and in support of this motion the defendant presents the facts shown in the affidavit of defendant annexed hereto, which affidavit is made a part hereof.

"Thompson & Weible,.
"Attorneys for defendant."

The affidavit attached to this motion was as follows:

"I, Burt J. Thompson, first being duly sworn, state that I am one of the attorneys for the defendant in the above entitled cause, that the defendant has a good defense to the whole of said action and that the plaintiff is a nonresident of the State of Iowa.

"Burt J. Thompson
"Subscribed and sworn to before me this 27 day of May, 1937.

"M. M. Thompson,
"Notary Public."

Nearly a month after the filing of this motion the plaintiff

filed a resistance thereto upon the following grounds:

1. That the defendant, Metropolitan Life Insurance Company, did not make any affidavit in support of said motion as required by law.

2. That the affiant, Burt J. Thompson, attorney for the defendant, made no averments of his competency to make such affidavit as required by law.

3. That defendant was notified to appear and defend on or before noon of the second day of the April term, commencing April 12, 1937; that defendant's motion for security for costs was not filed until May 29, 1937, and no showing is made that any extension of time for filing said motion was granted by the court or by opposing party beyond the time required for appearance; that under these circumstances defendant waived his right to file said motion and the relief prayed for therein.

The motion for a cost bond was overruled; hence the appeal.

Section 11245 of the Code of 1935, relating to a cost bond, provides as follows:

"If a defendant, at any time before answering shall make and file an affidavit stating that he has a good defense in whole or in part, the plaintiff, or party bringing the action * * *, if he is a nonresident of this state, * * * before any other proceedings in the action, must file * * * a bond with sureties to be approved by the clerk, in an amount to be fixed by the court, for the payment of all costs which may legally be adjudged against plaintiff."

I. Appellant contends that the court erred in overruling its motion for a cost bond because the motion was in proper form and supported by sufficient affidavit of one of defendant's attorneys setting forth the statutory requirements, being: (1) That defendant had a good defense in whole or in part to plaintiff's action; (2) That plaintiff was a nonresident.

Appellee contends that the statutory requirements of a motion for a cost bond were not met because the defendant personally did not make and file an affidavit stating that it has a good defense, or that plaintiff is a nonresident of this state. As shown by the affidavit attached to the motion for a cost bond hereinabove set out, it will be seen that the affidavit filed therefor was made by the defendant's attorney.

Appellant contends that the contents of the affidavit, in and

of themselves, are sufficient to meet the requirements of the statute. Appellee contends that because the affidavit was not made by the Metropolitan Life Insurance Company itself it does not meet the requirements of the statute. In other words, because the affidavit was made and filed by one of the attorneys for the defendant, it is insufficient to authorize an order for a cost bond.

The defendant, being an artificial person, could only make the affidavit by some person authorized to represent the corporation. In this case the showing for a cost bond was made by the affidavit of one of the attorneys for the defendant. Appellant contends that an affidavit for a cost bond can be executed by an attorney, and that under the broad statutory powers of an attorney he is not exceeding his authority in executing such an affidavit for his client.

Section 10922 of the Code provides:

"An attorney and counselor has power to: 1. Execute in the name of his client a bond, or other written instrument, necessary and proper for the prosecution of an action or proceeding, * * * or for the prosecution or defense of any right growing out of an action, proceeding, or final judgment rendered therein."

Appellant contends that this statute is broad enough to authorize an attorney to execute a written instrument for the defense of any right growing out of an action.

Under section 10920 of the Code, it is the duty of an attorney "to employ, for the purpose of maintaining the causes confided to him, such means only as are consistent with truth, and never to seek to mislead the judges by any artifice or false statement of fact or law."

In State v. Mooney, 10 Iowa 506, an application for a change of venue was made by the defendant, supported by affidavits of two of its attorneys. It was contended that the application was not sufficient because two of the persons making the affidavit were attorneys for the applicant for a change. The court held that the attorneys had power to make the affidavit for their client.

That an attorney has authority to execute a bond to secure an attachment under the statute was also upheld in the case of Carson, Pirie, Scott & Co. v. Long, 219 Iowa 444, 257 N. W.

815. In that case it was contended that the attorneys representing the plaintiff had no authority to execute the attachment bond issued on behalf of the plaintiff. The court said [page 447 of 219 Iowa, page 817 of 257 N. W.]:

"If defendant has failed to show such attorneys' lack of authority to represent plaintiff, then as such attorneys they were authorized to execute the bond. An attorney, representing a party has, under section 10922, authority to execute a bond for his client. This section provides:

" 'An attorney and counselor has power to:

" '1. Execute in the name of his client a bond, or other written instrument, necessary and proper for the prosecution of an action or proceeding, * * * or for the prosecution or defense of any right growing out of an action, proceeding, or final judgment rendered therein.' "

This rule was sustained in Carpenter v. Clements, 122 Iowa 294, l. c. 297, 98 N. W. 129, l. c. 130. In that case this court said:

"Section 3901 [now section 12110] of the Code reads as follows: 'Whenever it appears *by the affidavit of the plaintiff* or by the return of the attachment, that no property is known to the plaintiff or to the officer on which the attachment can be executed or not enough to satisfy the plaintiff's claim and it being shown to the judge of any court by affidavit that the defendant has property within the state not exempt, the defendant may be required by such judge to attend before him or before the court in which the action is pending * * * and give answers on oath respecting his property.' It is contended that the court was without jurisdiction in the matter, and acted illegally in overruling defendant's motion to dismiss and his demurrer to the application, and in ordering him committed for contempt, *for the reason that the affidavit was not made by plaintiff as the statute requires;* that the person who made the affidavit did not show himself competent to make it; *and that in no case can any person other than plaintiff make the requisite affidavit.*

"Turning now to the affidavit which was the basis of the proceedings, it will be observed that it was not made by the plaintiff in the main case, but that the application was made

for her and on her behalf by her attorneys, and that the affidavit was made by D. W. Hamilton, who we may assume was one of the plaintiff's attorneys. It will be noticed that the statute refers to two distinct matters—one the fact that there is no property on which the writ can be levied, or not enough to satisfy the plaintiff's claim; and the other that the defendant has property within the state which is not exempt. This last matter need not be shown by the affidavit of the plaintiff, but by any one who has knowledge of the facts. * *, *

"But as to the other matter the statute says that, if it appears from the affidavit of plaintiff or from the return of the attachment that no property is known, etc., then, upon a showing of the second requisite, the defendant may be required to give information under oath regarding his property. *This was not shown either by the affidavit of the plaintiff or by the return of the attachment,* but is shown by the affidavit of Hamilton, and the application was on the behalf of the plaintiff. * * * Must the affidavit then be made by the plaintiff himself, or is it sufficient that he adopts the affidavit made by some one else, who we must assume for the purposes of the case knew of the facts to which he made oath? There may be cases where plaintiff has no knowledge as to the defendant's property, but in which his attorney may have full information thereof; and we think that where the plaintiff makes the application and accompanies it by an affidavit as to the facts, although made by another, he so far adopts the affidavit as to make it his own for all purposes connected with such a proceeding; that the statute, although not literally fulfilled, has been substantially complied with; and that such a showing is a sufficient basis for the order for an examination." (Italics ours.)

Now the situation in the case at bar and that in the Carpenter case is practically identical. In each a special remedy was sought, based upon an affidavit. In the Carpenter case the statute provided: "Whenever it appears *by the affidavit of the plaintiff,*" etc. In the case at bar the statute provides: "*If a defendant shall make and file an affidavit* * * *.*" In the Carpenter case the court held that the affidavit of the attorney was sufficient. It is our conclusion that our ruling in this case is controlled by that in the Carpenter case.

We are therefore constrained to hold that the court erred

in holding that the statutory affidavit could not be made and filed by defendant's attorney.

II. Appellant also contends that the court erred in holding that the affidavit was insufficient because the affiant, Burt J. Thompson, attorney for defendant, made no averments of his competency to make such affidavit as required by law.

Appellee contends that the affidavit must set out his means of knowledge and that he has personal knowledge of the facts contained in the affidavit. This question has also been ruled upon by us in the case of Carpenter v. Clements, 122 Iowa 294, 98 N. W. 129.

It is true there are some statutes requiring verification of pleadings to be made by persons knowing the facts, and in such cases the affidavit shall be to the effect that the affiant believed the statements therein contained to be true. Code sections 11160 to 11164. These statutes, however, relate to verification of *pleadings* and not to affidavits generally, in support of motions for special remedies. Sioux Valley State Bank v. Kellog, 81 Iowa 124, 46 N. W. 859; Hueston v. Preferred Accident Insurance Company, 161 Iowa 521, 143 N. W. 566.

In Hueston v. Preferred Accident Insurance Company, 161 Iowa 521, l. c. 527, 143 N. W. 566, l. c. 569, this court said:

"It is also claimed that the verification of the affidavit of merits and also of the answer, sworn to by F. T. Hughes as one of the attorneys for the defense, did not show such knowledge as entitled it to be treated as a proper pleading or showing in the case. Code section 3584, [now section 11164] provides that, 'if the statements of a pleading are known to any other person than the party, such person may make the affidavit which shall contain averments showing affiant competent to make the same.'

"Under Code, section 3583 [now section 11163], which governs the affidavit made by attorneys in the cause, this court has held that the rule as to showing competency applies to pleadings only and not to other matters which may require verification. Carpenter v. Clements, 122 Iowa [294], 298, 98 N. W. 129; Sioux Valley State Bank v. Kellog, 81 Iowa 124, 46 N. W. 859."

In Carpenter v. Clements, 122 Iowa 294, l. c. 298, 98 N. W. 129, l. c. 131, upon this question the court said:

"Plaintiff in this case relies on Clute v. Hazleton, 51 Iowa 355, 1 N. W. 672, which holds that an affidavit of an attorney to a pleading is insufficient if it fails to show his competency as required by section 3583 of the Code, which was in force when that case was decided. That decision is not in point, for the reason that it has reference to pleadings only, and not to other matters which may require verification. In Sioux Valley State Bank v. Kellog, 81 Iowa 124, 46 N. W. 859, this distinction is pointed out, and it is there held that an attorney who verifies a petition for an attachment need not show his competency. The sections of the Code with reference to verification of pleadings on which the plaintiff herein relies are not applicable to this proceeding for the reason that the application in the main case was not a 'pleading' as that term is used in the statute."

Likewise in the case at bar the affidavit involved herein, not being a pleading, is not governed by the statutes relating to verification of pleadings. In Bates v. Robinson, 8 Iowa 318, l. c. 321, the court says:

"Upon the exception that the affiant does not state his means of knowledge, we need only say that there is no very clear ground upon which we can hold this essential in an affidavit for an attachment, although it is the better practice, and desirable in all cases where the oath is made by one not a party, or one not presumed to have the information."

So in Koch v. District Court, 150 Iowa 151, l. c. 155, 129 N. W. 740, l. c. 741, this court said, referring to the case of Jordan v. Circuit Court, 69 Iowa 177, 28 N. W. 548:

" 'The affidavit of one Drake was filed in these cases; but it is objected that it is insufficient, because it merely shows the facts constituting the violation of the injunctions, and does not show that the affiant had personal knowledge of the facts. In our opinion, however, the affidavit complies with the statute. It is not expressly provided that the affiant shall show that he had personal knowledge of the facts.' "

Again in Carpenter v. Clements, 122 Iowa 294, l. c. 298, 98 N. W. 129, l. c. 131, this court also said:

"As he verified his statements, it must be assumed that he

had knowledge thereof, and that he was not required to show his competency to make it. When one makes an affidavit, we must assume that he has knowledge of the facts to which he testifies, else we must presume that he committed perjury, which we are not justified in doing.''

■ The statute in this case does not require the affiant to show his competency to make the affidavit by alleging that he has means of knowledge, and knowledge of the facts sworn to by him. This is presumed by the making of the affidavit. It will be presumed that the attorney making the affidavit had sufficient knowledge of the facts to enable him to make the same. We are therefore constrained to hold that the affidavit was sufficient in this respect.

■ III. Appellant also contends that the court erred in holding that the application for a cost bond was not filed in time. Appellee contends that as the defendant was required to appear and defend on or before noon of the second day of the term, which was April 13, 1937, and that because it failed to file its application for a cost bond until May 29, 1937, the application was not filed in time.

The record shows without dispute that there was some correspondence between the attorneys for the defendant and the attorney for the plaintiff, prior to the time for defendant's appearance, in which plaintiff's attorney consented to an extension of time by the defendant. The correspondence between the attorneys upon that question is hereinabove set out.

The statute [section 11245] relating to the filing of a bond for costs provides:

''If a defendant, *at any time before answering* shall make and file an affidavit,'' etc.

This statute authorizes the affidavit to be filed at *any time* before answering.

Appellee relies strongly upon the case of Sprague v. Haight, 54 Iowa 446, 6 N.W. 693, as holding that if the motion for a cost bond is not filed within the time required for appearance it cannot be filed thereafter. We have examined this case but find that an order of court was made therein requiring the motion for a cost bond to be filed within a certain time. The motion was not filed within that time. The effect of that ruling

is that where an order of court is entered, requiring the application for a cost bond to be filed within a certain time, it cannot be filed thereafter.

What may have been said therein about the necessity of filing the application for a cost bond at the time when defendant's appearance is required is dictum because the facts therein show that there was an order of court requiring the application to be filed within a certain time. There was no such order in the case at bar.

It is our conclusion that where no order of court has been made requiring the filing of a motion for a cost bond within a certain time, then, under the statute, it may be filed at any time before the answer is filed. The motion for a cost bond in this case was filed long prior to the filing of any answer therein. The statute authorizes the filing of an application *"any time before answering"* and we cannot read into the statute a different requirement where no definite time has been fixed by an order of court. In addition thereto, it appears from the evidence that the agreements made between the attorneys by correspondence was sufficient to authorize defendant's delay in filing said application.

The ruling of the court in the Sprague case does not apply in this case because there was no agreement whatever in that case for any extension of time to the defendant; neither was there any order of court in the case at bar requiring the motion to be filed at a certain time. The court erred in holding that the application was not filed in time.

For the reasons hereinabove expressed, we are constrained to hold that the judgment of the lower court was wrong in overruling defendant's motion for a cost bond. The judgment is therefore hereby reversed.—Reversed.

SAGER, C. J., ANDERSON, DONEGAN, HAMILTON and STIGER, JJ., concur.