Raymond BOYER and Jerome Boyer, by his
Father and next friend, Raymond
Boyer, Appellants,

v.

William J. BROADWATER, Appellee.

No. 53579.

Supreme Court of Iowa.

June 10, 1969.

Donohue, Wilkins & Donohue, West Union, for appellants.

Miller, Pearson & Gloe and Meyer & Hoeger, Decorah, for appellee.

LeGRAND, Justice.

On August 14, 1966, plaintiff Raymond Boyer and his minor son, Jerome, were injured while attending a horse show in Howard County, Iowa. They have

brought this suit against defendant, a contestant in one of the events, alleging he negligently rode his horse into the spectator area, causing the injuries for which they now seek damages. We refer herein to Raymond Boyer as though he were the sole plaintiff.

Defendant is a resident of Minnesota. Plaintiff lives in Iowa. Jurisdiction of defendant depends upon service under the provisions of section 617.3, Code of Iowa, 1966. Defendant challenged the sufficiency of this service by appearing specially. His special appearance was sustained, and plaintiff has appealed from this ruling.

Section 617.3, Code of Iowa, 1966, provides in part as follows:

" * * * If such a person [a non-resident] commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by such person for the purpose of service of process or original notice on such person under this Act, and shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be the true and lawful attorney of such person upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such contract or tort * * * The * * * committing of the tort shall be deemed to be the agreement of * * * such person that any process or original notice so served shall be of the same legal force and effect as if served personally upon such defendant within the state of Iowa. * * *

"Service of such process or original notice shall be made (1) by filing duplicate copies of said process or original notice with said secretary of state, * * * and (2) by mailing to the defendant * * * by registered or certified mail, a notification of said filing with the secretary of state, the same to be so mailed within ten days after such filing with the secretary of state. * * * Proof of service shall be made by filing in court the duplicate copy of the process or original notice with the secretary of state's certificate of filing, and the affidavit of the plaintiff or his attorney of compliance herewith."

The section also directs the secretary of state to return to plaintiff or his attorney the duplicate copy referred to, along with his certificate showing when it was filed in his office.

There is no dispute that on July 31, 1968, plaintiff filed duplicate copies of an original notice in this cause with the secretary of state, who thereafter returned one copy to plaintiff's attorney with his certification that the original had been filed in his office on that date. It is also agreed that this certificate and copy of notice were filed in the office of the clerk of the court of Howard County in compliance with section 617.3.

To this point there is no argument, but defendant contends no notification of filing was mailed to defendant and that the proof of, service filed did not satisfy the statute.

When the legislature sets up an extraordinary method of securing jurisdiction over non-residents of this state—as section 617.3 does—we have consistently held the non-resident is subject to such process only upon clear and complete compliance with the procedure established by the statute. Fagan v. Fletcher, 257 Iowa 449, 451, 133 N.W.2d 116, 117, and citations; Andersen v. National Presto Industries, Inc., 257 Iowa 911, 919, 135 N.W.2d 639, 644; Esterdahl v. Wilson, 252 Iowa 1199, 1203, 110 N.W.2d 241, 243, and citations; Kraft v. Bahr, 256 Iowa 822, 826, 128 N.W.2d 261, 263.

■ We mention that a hearing on special appearance is not an equitable action, but is a special proceeding. This appeal therefore is not de novo. It comes to us on assigned errors. Tice v. Wilmington Chemical Corporation, 259 Iowa 27, 35, 141 N.W.2d 616, 621 (supplemental opinion at 143 N.W.2d 86.) However, there is no

dispute of fact here and the matter must be determined by deciding if the trial court correctly applied section 617.3.

The plaintiff assigns two errors:

(1) That the court erred in holding no notification of filing was mailed to defendant;

(2) That the court erred in holding the proof of service was fatally defective.

These raise but a single issue and we discuss them together. The sole question is whether there was that clear and complete compliance with section 617.3 which is necessary to confer jurisdiction over this non-resident defendant. We conclude there was and we reverse the holding of the trial court.

The controlling facts are briefly these. Plaintiff filed duplicate copies of original notice with the secretary of state, who returned one copy to plaintiff's attorney with his certificate showing filing of the original in his office.

An exact copy of the original notice was mailed to defendant and a *second* copy of the original notice was included, identical with the first except for the inclusion of this additional provision:

"You will take notice that an original notice of suit against you, a copy of which is hereto attached was duly served upon you at Des Moines, Iowa by filing a copy of said notice on the 31st of July, 1968 with the Secretary of State of the State of Iowa."

The trial court ruled this did not constitute a notification of filing under the statute. We disagree.

■ The ruling of the trial court appears to be based on the conclusion the notification of filing must be so designated and must be by separate instrument. We find no such conditions in the statute. Section 617.3 sets out the form which must be substantially followed in notifying defendant that an original notice of suit has

been filed against him and provides a copy of the notice shall be attached. The notification shall name the defendant and give his proper address. It is to be signed by plaintiff's attorney.

Plaintiff met these requirements; having done so, he complied with all the statute directed him to do. The fact that the notification of filing—which uses the precise language of the statute—was made part of another instrument does not make it invalid. It nevertheless gave defendant the very information section 617.3 says he must have.

It could be argued better practice dictates the notification of filing be given separately. Even though we might agree, we would still not be justified in superimposing that as a jurisdictional condition.

The trial court also found the proof of service failed to satisfy the statute and sustained defendant's special appearance on that second ground. Again we disagree.

Proof of service was first attempted by the affidavit of a secretary for plaintiff's attorney. This was clearly defective as the section directs the affidavit must be made by plaintiff or his attorney. However, plaintiff does not rely on this affidavit alone. Prior to the hearing on the special appearance, plaintiff's attorney filed his own affidavit which repeated substantially the statements in that of his secretary. This was further bolstered by the attorney's oral testimony in support of the service made.

■ It is generally held jurisdiction is acquired by the fact of service, not the proof of service. It is also generally held proof of service may be amended. 42 Am.Jur., Process, section 131, page 113; 72 C.J.S. Process § 116, page 1181; Mintle v. Sylvester, 197 Iowa 424, 426, 197 N.W. 305, 306; Coster v. Jensen, 218 Iowa 1215, 1216, 257 N.W. 303.

■ No objection was made to the belated affidavit of counsel nor to counsel's oral testimony in explanation thereof. In

considering all the evidence—none of which is disputed—we find the record discloses sufficient proof of compliance with section 617.3 to subject defendant to the jurisdiction of our courts.

The remaining complaint that the affidavit of counsel was not based on personal knowledge has no merit. This argument, if successful, would mean the notification of filing must be mailed personally by counsel. We do not believe this is what the legislature intended. The statute does not state the affidavit must be made by the person mailing the notification. We hold the affidavit of plaintiff's attorney was sufficient, unless controverted, to show compliance with the statute. As bearing on this question see Schultz v. Metropolitan Life Insurance Co., 225 Iowa 1024, 282 N.W. 776.

We conclude the trial court erroneously applied section 617.3 to the undisputed facts before us and we therefore reverse and remand this cause for further proceedings.

Reversed and remanded.

All Justices concur.